**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| BRITTNEY STOUDEMIRE, AMANDA VOSE, LUCINDA JACKSON, DANA FOLEY, and BARBARA GRAZIOLI on Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 3:22-cv-00086-SHL-SBJ |
|        Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT** |
| v. | |
| LEE ENTERPRISES, INC. | |
|        Defendant. | |

## TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................................... 1

II.   BACKGROUND ........................................................................................................... 2

    A.   Summary of Allegations .......................................................................................... 2

    B.   Procedural History .................................................................................................. 3

III.  KEY TERMS OF THE PROPOSED SETTLEMENT ................................................. 3

    A.   The Proposed Class ................................................................................................. 3

    B.   Monetary Compensation ......................................................................................... 4

    C.   Settlement Class Notice, Opt-Outs, and Objections .............................................. 5

    D.   Releases ................................................................................................................... 6

IV.   ARGUMENT ................................................................................................................ 7

    A.   The Settlement Meets the Fairness Standards for Preliminary Approval .............. 8

        1.   The Merits of Plaintiffs' Case As Weighed Against the Terms of the Settlement
        Support Approval ................................................................................................... 9

        2.   The Risks, Complexities, and Expenses of Continued Litigation Favor Approval ..... 10

    B.   The Proposed Class Should Be Certified for Settlement Purposes ...................... 11

        1.   The Settlement Class Meets the Requirements of Rule 23(a) ............................... 11

        2.   Common Questions of Law and Fact Predominate Under Rule 23(b)(3) ................ 14

    C.   The Court Should Approve the Form and Content of the Proposed Notice .................. 15

    D.   Proposed Schedule ................................................................................................ 16

V.    CONCLUSION ........................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Adkins v. Facebook, Inc.,*
   No. 18-cv-05982-WHA (N.D. Cal. May 6, 2021) ............................................................. 9

*Ark. Educ. Ass'n v. Bd. Of Educ.,*
   446 F.2d 763 (8th Cir. 1971) .................................................................................. 11

*Bouaphakeo v. Tyson Foods, Inc.,*
   564 F. Supp. 2d 870 (N.D. Iowa 2008) ......................................................................... 15

*Boyd v. Godinez,*
   2013 U.S. Dist. LEXIS 131571 (N.D. Ill. Sept. 16, 2013) ............................................... 12

*Boyd v. Ozark Air Lines,*
   568 F.2d 50 (8th Cir. 1977) .................................................................................... 11

*D'Amato v. Deutsche Bank,*
   236 F.3d 78 (2d Cir. 2001) ..................................................................................... 8

*DeBoer v. Mellon Mortg. Co.,*
   64 F.3d 1171 (8th Cir. 1995) .................................................................................. 12

*Donaldson v. Pillsbury Co.,*
   554 F.2d 825 (8th Cir. 1977) .................................................................................. 12

*Dryer v. NFL,*
   2013 U.S. Dist. LEXIS 49993 (D. Minn. Apr. 5, 2015) ................................................ 7, 8

*Halvorson v. Auto-Owners Ins. Co.,*
   718 F.3d 773 (8th Cir. 2013) .................................................................................. 14

*In re Google LLC Street View Elec. Commc'ns Litig.,*
   2020 WL 1288377 (N.D. Cal. Mar. 18, 2020) ............................................................... 9

*In re Lutheran Blvd. Variables Ins. Prods. Co. Sales Practices Litig.,*
   2004 U.S. Dist. LEXIS 25412 (D. Minn. Dec. 16, 2004). ............................................... 15

*In re Vizio, Inc., Consumer Privacy Litig.,*
   2019 WL 12966638 (C.D. Cal. July 31, 2019) ............................................................... 9

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.,*
   396 F.3d 922 (8th Cir. 2005) ................................................................................... 8

*In re Zurn Pex Plumbing Prods. Liab. Litig.,*
   2013 U.S. Dist. LEXIS 26557 (D. Minn. Feb. 20, 2013) ............................................... 10

*Isby v. Bayh,*
    75 F.3d 1191 (7th Cir. 1996)..................................................................................7

Lane v. Facebook, Inc.,
    No. C 08-3845 RS, 2010 U.S. Dist. LEXIS 24762 (N.D. Cal. Mar. 17, 2010)......................9

*Lerwill v. Inflight Motion Pictures, Inc.,*
    582 F.2d 507 (9th Cir. 1978)................................................................................ 13

*Lowers v. United States,*
    2001 U.S. Dist. LEXIS 23899 (S.D. Iowa 2001) ............................................................ 11

*Paxton v. Union Nat'l Bank,*
    688 F.2d 552 (8th Cir. 1982)............................................................................ 12, 13

*Phillips v. Caliber Home Loans, Inc.,*
    2021 U.S. Dist. LEXIS 133899 (D. Minn. July 19, 2021) ..................................................8

*Schmidt v. Fuller Brush Co.,*
    527 F.2d 532 (8th Cir. 1975)................................................................................ 10

*Schoenbaum v. E.I. Dupont De Nemours & Co.,*
    2009 U.S. Dist. LEXIS 114080 (E.D. Mo. Dec. 8, 2009)....................................................7

*Van Horn v. Trickey,*
    840 F.2d 604 (8th Cir. 1988)..................................................................................9

*Waller et al v. Times Publishing Co.,*
    No. 2023-027889-CA-01 (Fla. 17th Cir. Ct.) ................................................................ 10

*White v. NFL,*
    822 F. Supp. 1389 (D. Minn. 1993)..................................................................... 7, 9, 11

*Wineland v. Casey's Gen. Stores, Inc.,*
    267 F.R.D. 669 (S.D. Iowa 2009) ...........................................................................8

**Statutes**

Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.*........................................................1

**Rules**

Fed. R. Civ. P. 23(b)(3) ............................................................................................. 11
Fed. R. Civ. P. 23(a) ................................................................................................ 11
Federal Rules of Civil Procedure 23(e) ..............................................................................1
Rule 23(a)(1) ........................................................................................................ 11

iv

## I.  INTRODUCTION

Under the Federal Rules of Civil Procedure 23(e), Plaintiffs Brittney Stoudemire, Amanda Vose, Lucinda Jackson, Dana Foler, and Barbara Grazioli (collectively, "Plaintiffs") respectfully move to enter an order certifying the settlement class as described herein (the "Class") for settlement purposes only and preliminary approval of the class action settlement (the "Settlement") negotiated to resolve Plaintiffs' Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.* claim against Lee Enterprises, Inc. ("Defendant" or "Lee"; collectively with Plaintiffs, the "Parties") that is the subject of the above-captioned matter (the "Litigation").

In the Litigation, Plaintiffs alleged the Defendant voluntarily installed Meta Platforms, Inc.'s ("Meta", f/k/a Facebook, Inc.) tracking Pixel on its websites and configured the Pixel to cause the disclosure to Meta of subscribers' Facebook Identification Number ("Facebook ID") and the video content that subscribers were requesting or obtaining ("Video Content"), without the subscribers' consent.  Defendant disputes that it shared Video Content without a subscriber's consent and further disputes that it has any liability for a violation of the VPPA or any other law. The Parties recognize the expense and risk associated with continuing the Litigation and therefore have reached an arm's length settlement of the issues and claims, which they now present to the Court for preliminary approval.

The Settlement presented for the Court's consideration is fair, reasonable, and adequate. After deduction of Court awarded fees, expenses, service awards, and administrative costs, Settlement Class Members who submit valid claims through a simple claims process will each receive a pro rata share of the Net Settlement Fund. Plaintiffs and their counsel have vigorously litigated this action on behalf of the Settlement Class and, through extensive arm's length

1

negotiations overseen by an experienced mediator, the Honorable Wayne R. Andersen (Ret.), have developed an understanding of the strength and weaknesses of this action.

For the reasons set forth herein, Plaintiffs respectfully request the Court enter an order: (1) preliminarily approving the Settlement, and certifying the Settlement Class identified in the Proposed Settlement Agreement, attached hereto as Exhibit A ; (2) appointing Plaintiffs as Class Representatives for the Settlement Class; (3) appointing Levi & Korsinsky LLP as Class Counsel; (4) directing notice to the Settlement Class and approve the form and manner thereof; (5) authorizing the retention of RG/2 Claims Administration LLC as Settlement Administrator; and (6) set a schedule for the final approval of the Settlement and Plaintiffs' motion for attorneys' fees and expenses and incentive awards.

## II. BACKGROUND

### A. Summary of Allegations

In the Litigation, Plaintiffs allege the Defendant, a local news media and advertising company that owns and operates websites that host and make accessible news articles and videos, intentionally installed the Meta tracking Pixel on its websites. Plaintiffs allege a tracking Pixel is a code placed on a website, that operates invisibly, and tracks how a visitor moves through, and interacts with, a website. Plaintiffs allege the Pixel enables websites to build profiles of users with the hope of improving the effectiveness of advertising targeting those users. Plaintiffs further allege the Pixel is used to monitor the video content a user views or requests (the "Video Content") and shares this information with Meta in violation of the VPPA. In the Litigation, the Defendant denies these allegations.

2

### B. Procedural History

Plaintiffs filed suit against Defendant by filing a complaint on December 19, 2022, in the United States District Court for the Southern District of Iowa.  Defendant filed a Motion to Dismiss on March 30, 2023. On July 20, 2023, Defendant's Motion to Dismiss was denied. On August 17, 2023, Defendant filed an Answer to the Complaint denying the allegations generally and asserting 20 affirmative defenses.

After a scheduling order and discovery plan was docketed by the Court on August 29, 2023, the Parties engaged in extensive discovery involving the exchange of interrogatory answers and electronically stored information and information about website users.  In addition, Plaintiffs took the Rule 30(b)(6) deposition of a corporate representative of the Defendant.

Thereafter, the Parties agreed to engage in settlement discussions and proceed with a mediation with the Honorable Wayne R. Andersen (Ret.) of JAMS.  At a July 8, 2024 conference, the Parties advised the Court of the good faith efforts to participate in a mediation.

The Parties participated in an all-day in-person mediation session with Judge Andersen on November 5, 2024.  Following the mediation session, and with Judge Andersen's continued assistance, the parties reached a settlement, which is memorialized in the Proposed Settlement Agreement attached hereto as Exhibit A.

## III. KEY TERMS OF THE PROPOSED SETTLEMENT

### A. The Proposed Class

The Settlement Class is comprised of 1,528,941 Lee subscribers identified on the Settlement Class List generated by Lee.  Excluded from the Settlement Class are: (1) the Judge

and Magistrate Judge presiding over this Action and their immediate family members and staff members; (2) Lee, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Lee has a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. *See* Proposed Settlement Agreement, attached hereto as Exhibit A, ¶ 30.

### B. Monetary Compensation

Within sixty (60) days of the entry of the Preliminary Approval Order, Lee or Lee's insurer shall deposit the sum of Nine Million Five Hundred Thousand and xx/100 Dollars ($9,500,000.00) into an account established and administered by the Settlement Administrator at a financial institution agreed upon by Class Counsel and Lee. The Nine Million Five Hundred Thousand and xx/100 Dollars ($9,500,000.00) represents the entirety of Lee's financial obligations with respect to this Settlement and shall be used to pay all expenses and costs associated with the administration of this Settlement, including paying Notice and Administrative Expenses, paying Approved Claims, paying Service Award Payments, paying the Fee Award and Costs, and paying any and all Taxes and Tax-Related Expenses. *See* Exh. A, ¶ 37.

The Settlement Fund shall be used by the Settlement Administrator to pay for the following: (1) Approved Claims; (2) Notice and Administrative Expenses; (3) the Fee Award and Costs approved by the Court; (4) Taxes and Tax-Related Expenses; and (5) the Service Awards approved by the Court. Responsibility for effectuating payments shall rest solely with the Settlement Administrator; Lee shall have no responsibility whatsoever with respect to effectuating such payments. *See* Exh. A*,* ¶ 41.

### C. Settlement Class Notice, Opt-Outs, and Objections

Within fourteen (14) business days after the date of entry of the Preliminary Approval Order, Lee will provide the Settlement Class List to the Settlement Administrator.  Within forty-five (45) days after receipt of the Settlement Class List, the Settlement Administrator shall disseminate Notice to the Settlement Class. Notice will be drafted by Class Counsel in conjunction with the Settlement Administrator and subject to approval by Lee's Counsel and provided to Settlement Class Members pursuant to the Preliminary Approval Order. Notice shall be primarily accomplished by electronic means (e.g., email), and if needed, shall include publication notice on one or more of the Lee Sites as determined by the Settlement Administrator, at no cost to the Settlement Class. One or more reminder Notices shall be emailed to Settlement Class Members prior to the Claims Deadline.  Notice may also be sent by postcard to those Settlement Class Members whose email addresses are invalid and for whom a valid mailing address is available. Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members at any time prior to the Claims Deadline.  *See* Exh. A, *¶¶* 18, 45.

The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. *See* Exh. A, *¶* 47. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by submitting written objections to the Court no later than the Objection Deadline. *See* Exh. A, *¶* 48.

## D. Releases

Upon the Effective Date[1] of the Settlement, and in consideration of the Settlement benefits, each of the Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns shall be deemed to have released, acquitted, and forever discharged the Lee Releasees from any and all claims, counterclaims, demands right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution or other monetary or nonmonetary relief of any and every kind arising from or related to the tracking methods or the VPPA, as alleged in the action or the Settlement Agreement, whether known, or unknown, suspected, unsuspected, foreseen or unforeseen under the law of any jurisdiction (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement). *See* Exh. A, ¶ 60.

Further, Lee shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory

---

[1] "Effective Date" means one (1) business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order and Judgment; (ii) entry of the Final Approval Order and Judgment if no parties have standing to appeal; or (iii) if any appeal, petition, request for rehearing, or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing, or other review is pending, and the time for further appeals, petitions, requests for rehearing, or other review has expired. *See* Exh. A, ¶ 10.

damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement). *See* Exh. A, ¶ 62.

## IV. ARGUMENT

Rule 23(e) provides that any "claims, issues, or defense of a certified class – or a class proposed to be certified for purposes of settlement – may be settled, voluntarily dismissed, or compromised only with the court's approval." The policy of "favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *White v. NFL,* 822 F. Supp. 1389, 1416 (D. Minn. 1993). Indeed, "federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir. 1996).

In general, "approval of a class action settlement under Federal Rule of Civil Procedure 23(e) is a two-step process." *Dryer v. NFL,* 2013 U.S. Dist. LEXIS 49993, at *7 (D. Minn. Apr. 5, 2015). First, "the court must enter a preliminary approval order, and second, after providing notice of the proposed settlement to the class and a final fairness hearing is conducted, the Court must enter a final approval order." *Id.* At the preliminary approval stage, the Court "makes preliminary determinations with respect to the fairness of the settlements terms, approves the means of notice to class members, and sets a date for" the final approval and fairness hearing. *Schoenbaum v. E.I. Dupont De Nemours & Co.,* 2009 U.S. Dist. LEXIS 114080, at *13 (E.D. Mo. Dec. 8, 2009). Here, the proposed Settlement and Notice easily meet the applicable fairness and due process standards under Eighth Circuit precedence. As such, Plaintiffs respectfully request that the Court grant this motion and schedule a final fairness hearing accordingly.

7

### A. The Settlement Meets the Fairness Standards for Preliminary Approval

As a threshold matter, the Court should make a preliminary determination that the Settlement reflects the terms  within the range of possible judicial approval after a final fairness hearing. *See Phillips v. Caliber Home Loans, Inc.*, 2021 U.S. Dist. LEXIS 133899, at *15-16 (D. Minn. July 19, 2021) ("preliminary approval is appropriate so long as the proposed settlement falls within the range of possible judicial approval").

"In determining whether a settlement is fair, reasonable, and adequate," courts analyze four factors: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 932 (8th Cir. 2005). "The last of these factors is analyzed at the final approval stage, following the class notification" and the first factor – an evaluation of the merits weighed against the settlement terms – is the "most important consideration in deciding whether a settlement is fair, reasonable, and adequate." *Dryer,* 2013 U.S. Dist. LEXIS 49993, at *8.

The Court is to undertake its assessment of these factors with a presumption that the proposed settlement is fair, reasonable, and adequate when it has resulted from arm's length negotiations between well-informed counsel. *Wineland v. Casey's Gen. Stores, Inc.,* 267 F.R.D. 669 (S.D. Iowa 2009). Moreover, this presumption is even stronger in cases, such as here, where the settlement resulted from mediation, because the presence of a neutral mediator "helps to ensure that the proceedings were free of collusion and undue pressure." *D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir. 2001). Here, the Settlement was the result of arm's length negotiations performed through mediation. As a result, the Parties' Settlement is entitled to a presumption that it is fair, reasonable, and adequate, especially at this preliminary approval stage.

8

1. **The Merits of Plaintiffs' Case As Weighed Against the Terms of the Settlement Support Approval**

"The single most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). In considering this factor, Courts "cannot be expected to balance the scales with the nicety of an apothecary"; rather, "gross approximation, and rough justice" will suffice. *White,* 822 F. Supp at 1417.

Applying these standards here, there is no question that this factor supports approval of the Settlement. The settlement payment in the amount of $9,500,000 will yield a significant benefit to each of the participating Class Members. Even assuming that the Settlement Fund is reduced by 40% for the payment of service awards, class counsel's fees and costs, and the expenses of the administrator, at least $5.7 Million will remain as the residual Settlement fund.  The Settlement also requires business practice revisions that provide significant benefits to the Class Members.

Further, the Court need not evaluate the Settlement in a vacuum as this Settlement aligns and compares favorably with the VPPA settlements and other privacy settlements that came before it. *See, e.g., Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2010 U.S. Dist. LEXIS 24762 (N.D. Cal. Mar. 17, 2010) (approving settlement in VPPA case that only provided *cy pres* relief with no monetary relief to Settlement Class Members); *In re Vizio, Inc., Consumer Privacy Litig.*, 2019 WL 12966638, at *4 (C.D. Cal. July 31, 2019)(approving settlement in VPPA case that provided each claimant with an estimated $16.50 at a claims rate of 4.1%); *In re Google LLC Street View Elec. Commc'ns Litig.,* 2020 WL 1288377, at *11-14 (N.D. Cal. Mar. 18, 2020)(approving, over objections of class members and state attorney general, a settlement providing only *cy pres* relief for violations of Electronic Communications Privacy Act); *Adkins v. Facebook, Inc.,* No. 18-cv-

05982-WHA (N.D. Cal. May 6, 2021)(dkts. 350, 369)(approving settlement for injunctive relief only, in class action arising out of Facebook data breach); *Waller et al v. Times Publishing Co.,* No. 2023-027889-CA-01 (Fla. 17th Cir. Ct.)(approving settlement in VPPA case that provided for $950,000 common fund).

### 2. The Risks, Complexities, and Expenses of Continued Litigation Favor Approval

The next factor to consider at this preliminary approval stage – the risks, expenses, and uncertainties presented by further litigation – also favors approval of the Settlement. It is well established that "class actions place an enormous burden of costs and expenses upon the parties." *Schmidt v. Fuller Brush Co.,* 527 F.2d 532, 535 (8th Cir. 1975); see also *In re Zurn Pex Plumbing Prods. Liab. Litig.,* 2013 U.S. Dist. LEXIS 26557, at *22 (D. Minn. Feb. 20, 2013) ("The complexity and expense of class action litigation is well recognized."). Here, the Settlement, if approved, permits the parties to avoid meaningful future costs for experts, depositions, travel, lodging, and witness fees, amongst other numerous litigation expenses. Ultimately, this case could very well drag on for years at enormous expense, with the possibility that the class members receive nothing in the end.

Although Plaintiffs are confident in the strength of their claims, they nevertheless recognize that this litigation is inherently risky. Claims applying the VPPA to operation of the Pixel are still relatively untested. Further, absent the instant Settlement, Plaintiffs would have to conduct additional formal discovery, which would involve the lengthy, costly, and uncertain process of obtaining relevant information from Defendant and pursuing subpoenas against third parties like Meta. Assuming Plaintiffs survived summary judgment, Plaintiffs would need to certify and maintain a class over Defendant's opposition. Plaintiffs would then need to prevail at trial and

secure an affirmance on appeal before recovering damages. Ultimately, continued litigation could add several more years before there is a resolution. Such risks support approval of this Settlement.

**B.  The Proposed Class Should Be Certified for Settlement Purposes**

The Court should certify the proposed Class for purposes of settlement under Rules 23(a) and (b)(3). "The requirements for class certification are more readily satisfied in the settlement context than when a class has been proposed for the actual conduct of the litigation." *White,* 822 F. Supp. at 1402. "[T]he rationale behind the loosening of [these] requirements is to encourage sweeping settlements of complex disputes." *Id.* (Internal quotations and citations omitted). Here, the proposed settlement class easily meets the requirements of Rules 23(a) and (b)(3), especially when considering the lower bar for certifying a settlement class.

**1.  The Settlement Class Meets the Requirements of Rule 23(a)**

Rule 23(a) contains four prerequisites to class certification, each of which is satisfied here.

**Numerosity**: Rule 23(a)(1) requires a proposed class to be "so numerous that joinder of all members is impracticable." While "the question of what constitutes impracticability depends upon the facts of each case," *See Boyd v. Ozark Air Lines,* 568 F.2d 50, 54 (8th Cir. 1977), there is a presumption that joinder of more than forty class member is impracticable. *Lowers v. United States,* 2001 U.S. Dist. LEXIS 23899, at *11 (S.D. Iowa 2001)("[T]he difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."); *see also Ark. Educ. Ass'n v. Bd. Of Educ.,* 446 F.2d 763, 765-66 (8th Cir. 1971)(certifying a class with 20 members). Here, the number of Class Members is in the hundreds of thousands and easily satisfies the numerosity requirement.

11

**Commonality:** Next, Rule 23(a)(2) provides for class certification only if "there are questions of law or fact common to the class." Importantly, "[c]ommonality is not required on every question raised in a class action." *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171,1174 (8th Cir. 1995). "Rule 23 is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *Id.* (quoting *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561 (8th Cir. 1982)). Put succinctly, if a defendant "ha[s] engaged in standardized conduct towards members of the proposed class," then the commonality prong is met even if there is "[s]ome factual variation in the details of individual claims." *Boyd v. Godinez,* 2013 U.S. Dist. LEXIS 131571, at *7 (N.D. Ill. Sept. 16, 2013).

Here, Plaintiffs readily meet this standard, as many significant common questions of law and fact exist, including: (1) whether Defendant is a video tape service provider within the meaning of the VPPA; (2) whether the information Defendant allegedly disclosed to Meta constitutes PII under the VPPA; (3) whether Defendant knowingly disclosed Class Members' PII to Meta; (4) whether Defendant gave notice to Class Members regarding the disclosure of such information; (5) whether Defendant obtained informed, written consent consistent with the requirements of the VPPA from Class Members before disclosing their information to Meta; (6) whether Defendant's conduct violates the VPPA; and (7) whether Class Members are entitled to damages, declaratory, and injunctive relief, and other remedies.

All Settlement Class Members' claims will be resolved by answering these common questions. Indeed, the overarching focus for all these inquiries is Defendant's alleged common course of conduct, i.e., Defendant's alleged knowing disclosure of Class Members' PII through its use of the Facebook Pixel. Thus, commonality is satisfied.

**Typicality:** Rule 23(a)(3) requires "the claims or defenses of the representative parties" to be "typical of the claims or defenses of the class." A named plaintiff's claims are "typical" of the class' claims when premised on the "same or similar grievances as the plaintiff." *Paxton, 688 F.2d at 561 (quoting Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir. 1977)). This requirement "is generally considered satisfied if the claims or defenses of the representatives and the members of the class...are based on the same legal or remedial theory." *Id.* at 561-61.

Here, Plaintiffs' claims stem from the same course of conduct and pattern of alleged wrongdoing as the claims of the Settlement Class Members. When a Class Member accessed Video Content on Defendant's website, the Pixel allegedly caused the Video Content and a Class Member's Facebook ID to be transmitted to Meta by the Class Member's web browsing device. Accordingly, named Plaintiffs' claims are typical of the Class because they were subject to the same conduct as the other Class Members, and they are alleged to have suffered the same injury as a result.

**Adequacy:** Finally, Rule 23(a)(4)'s adequacy requirement is also met. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interest of the class." In assessing the adequacy requirement, courts evaluate, "whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton,* 688 F.2d at 562-63. So long as "the representatives [do] not have antagonistic or conflicting interests with the unnamed members of the class," then they are adequate to serve. *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

Here, the named Plaintiffs have common interests with the members of the Class in seeking fair, reasonable, and adequate compensation for Defendant's alleged violation of the VPPA. Indeed, the named Plaintiffs' distributions from the Settlement Fund with be calculated using the same methodology as the distributions to every other participating class member. Further, the named Plaintiffs have vigorously pursued and protected the interests of the Class in this case by, among other examples, maintaining, reviewing, and explaining relevant records probative of the Class' claims, including records regarding their subscription to Defendant's website and Facebook account information, seeking out and engaging highly qualified counsel, and negotiating a settlement that confers significant benefits to the Class. Accordingly, and as further evidenced by the favorable terms of the Settlement before the Court, the adequacy prong of Rule 23 is also satisfied.

### 2. Common Questions of Law and Fact Predominate Under Rule 23(b)(3)

Rule 23(b)(3) requires the Court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "The predominance inquiry requires an analysis of whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from member to member." *Halvorson v. Auto-Owners Ins. Co.,* 718 F.3d 773, 778 (8th Cir. 2013).

Here, common questions of the kind noted above predominate because there are few, if any, individualized factual issues, and because the core facts involve Defendant's uniform conduct that allegedly harmed all Class Members. Specifically, Plaintiffs allege that Defendant knowingly utilized the Facebook Pixel to disclose Class Members' PII to Meta, and that this conduct

uniformly injured Plaintiffs' and the other Class Members' legally protected interests under the VPPA.

The superiority element of 23(b)(3) is also met here. A class action is the most efficient judicial avenue where, as here, Defendant's conduct affected hundreds of thousands of individuals in a uniform way. Other available methods, such as individual lawsuits or arbitrations, would be highly inefficient. The parties and judicial system would need to duplicate efforts in such individual proceedings, some of which might be brought in separate venues at different times. *See Bouaphakeo v. Tyson Foods, Inc.,* 564 F. Supp. 2d 870, 909 (N.D. Iowa 2008)("The alternatives to class action litigation in this case are individual lawsuits by class members. There is no doubt this would be more burdensome on the class members, and it would likely be less efficient use of judicial resources.").

As the requirements of Rule 23(a) and (b) are satisfied, Plaintiffs ask that the Court (1) certify the Class for settlement purposes, (2) appoint the named Plaintiffs as class representatives, and (3) appoint Levi & Korsinsky LLP as Class Counsel.

**C. The Court Should Approve the Form and Content of the Proposed Notice**

If a settlement class is certified, Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Moreover, Rule 23(e)(2) requires the Court to "direct to class member the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." A proper notice "is written in plain English and is readily understandable by Class Members." *In re Lutheran Blvd. Variables Ins. Prods. Co. Sales Practices Litig.,* 2004 U.S. Dist. LEXIS 25412, at *29 (D. Minn. Dec. 16, 2004).

15

Here, the proposed notice will primarily be accomplished by electronic means, such as email, and if needed, will be published on one or more of the Lee websites. Notice may also be sent by postcard to Settlement Class Members whose email addresses are invalid. *See* Exh. A*, ¶* 18. The proposed notice will include, in plain language, an explanation of the procedure to opt out of the Settlement or to object to the Settlement. *See* Exh. A*, ¶¶* 47, 48.

As such, the proposed notice before this Court fulfills each of these requirements.

### D.  Proposed Schedule

As a final matter, certain deadlines must be approved and established so that they may be incorporated into the Notice, including the date for a Final Approval Hearing. After consulting with Defendant's counsel, Plaintiffs propose the following schedule:

| Event | Proposed Deadline |
|---|---|
| Deadline for mailing the Notice | Forty-five (45) days after receipt of Settlement Class List |
| Class Member opt-out and objection deadline | Forty-five (45) days after the Notice Deadline |
| Deadline for filing papers in support of Final Approval (including specific class service awards) and Plaintiffs' Counsel's Request for Attorneys' Fees and Costs | At least ninety (90) days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 |

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) preliminarily approve the proposed settlement, (2) preliminarily certify the settlement class for settlement purposes only, (3) approve and authorize the distribution of the proposed notice to class members, (4) name RG/2 Claims Administration LLC as the Class Administrator, and (5) schedule a date and time for the Final Approval Hearing to consider approval of the settlement and request for specific class service awards and motion for approval of Plaintiffs' counsel's attorneys' fees and costs.

16

Dated: March 5, 2025

**SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C.**

By: /s/ J. Barton Goplerud
J. Barton Goplerud
Brian O. Marty
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Tel: (515) 223-4567
Fax: (515) 223-8887
Email: goplerud@sagwlaw.com
Email: marty@sagwlaw.com

Mark S. Reich*
Courtney E. Maccarone*
Gary S. Ishimoto*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: cmaccarone@zlk.com
Email: gishimoto@zlk.com

*admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel listed of record.

By: /s/ J. Barton Goplerud
J. Barton Goplerud