IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| BRITTNEY STOUDEMIRE, AMANDA VOSE, LUCINDA JACKSON, DANA FOLEY, and BARBARA GRAZIOLI on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEE ENTERPRISES, INC.<br><br>Defendant. | Civil Action No. 3:22-cv-00086-SHL-SBJ<br><br>**DECLARATION OF MARK S. REICH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**DECLARATION OF MARK S. REICH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Mark S. Reich, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Levi & Korsinsky, LLP, counsel of record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of the proposed Settlement reached between the parties after extensive arm's-length negotiation, a true and accurate copy of which is being filed concurrently herewith. It is my opinion that the proposed Settlement in this litigation is fair, adequate, and reasonable, so as to satisfy the requirements for preliminary and, ultimately, final approval pursuant to Fed. R. Civ. P. 23.

3. Attached hereto as Exhibit A is a true and current copy of the Parties' Class Action Settlement Agreement. Attached hereto as Exhibit B is the proposed short form notice.

Attached as Exhibit C is the proposed long form notice. Attached hereto as Exhibit D is the proposed claim form.

## PROCEDURAL HISTORY

4. On December 19, 2022, Plaintiffs filed a putative class action in the United States District Court for the Southern District of Iowa. The material allegations of the Complaint center on Defendant's alleged violation of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.* ("VPPA"). (ECF No. 1)

5. Defendant responded to the Complaint by filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on March 20, 2023. (ECF No. 19). On May 9, 2023, Plaintiffs opposed Defendant's motion to dismiss (ECF No. 27), and on May 22, 2023, Defendant filed a reply in further support of the motion to dismiss. (ECF No. 30). The Court heard oral arguments on the motion to dismiss on June 12, 2023.

6. On July 20, 2023, the Court issued an Opinion and Order denying Defendant's motion to dismiss in its entirety. (ECF No. 33).

7. The Court entered a Text Order on August 4, 2023 (ECF No. 36), setting a Scheduling Conference for August 23, 2023, and ordering that the Parties confer and file a proposed scheduling order and discovery plan by August 18, 2023.

8. On August 17, 2023, Defendant filed an Answer to the Complaint denying the allegations generally and asserting 20 affirmative defenses. (ECF No. 37).

9. On August 18, 2023, the Parties filed a Proposed Scheduling Order and Discovery Plan (ECF No. 38), and the Court docketed the Scheduling Order on August 29, 2023. (ECF No. 41). The Scheduling Order provided the following deadlines: Initial Disclosure due September 6, 2023; Deadline for motions to add parties and deadline for motions to amend

pleadings due October 11, 2023; Expert witness disclosure deadline was set for June 4, 2024 for Plaintiffs, July 19, 2023 for Defendant, and August 18, 2024 for Plaintiffs' rebuttal; Deadline for completion of discovery set for November 1, 2024; Deadline for dispositive motions set for March 19, 2025, with a response deadline of April 23, 2025, and a reply deadline of May 28, 2025.

10. Plaintiffs served their Initial Disclosures on Defendant 'on September 9, 2023.

11. On September 14, 2023, Plaintiffs served their First Set of Requests for Production of Documents on Defendant'.

12. Plaintiffs served a Subpoena to Produce to non-party Meta on October 13, 2023. Plaintiffs' counsel and counsel for Meta exchanged letters and met and conferred numerous times on the scope of Plaintiffs' requests.

13. On October 20, 2023 Plaintiffs served their First Set of Interrogatories on Defendant. On that same day, Defendant served their Responses to Plaintiffs' First Set of Requests for Production on Documents.

14. Plaintiffs served their Responses to First Set of Requests for Production and First Set of Interrogatories on Defendant' on November 27, 2023. Also on November 27, 2023, Defendant served its Responses to Plaintiffs' First Set of Interrogatories'.

15. On December 14, 2023, Plaintiffs' counsel sent Defendant's counsel a deficiency letter relating to Defendant's responses to Plaintiffs' First Set of Interrogatories. The letter invited Defendant to schedule a meet and confer to clarify its positions with respect to its broad-sweeping objections and decisions to withhold any production of documents until it met and conferred with Plaintiffs.

16. On December 20, 2023, a meet and confer call was held to discuss Defendant's responses to Plaintiffs' First Set of Requests for Production.

17. On December 26, 2023, Plaintiffs served a Notice of Taking 30(b)(6) Deposition of Defendant on Defendant and emailed proof of service to Defendant's Counsel.

18. On January 9, 2024, the Parties filed a Joint Motion for Entry of Stipulated Protective Order regarding trade secrets and confidential information (ECF No. 42) and the Order was granted on January 11, 2024 (ECF No. 43).

19. Defendant's counsel served Defendant's Objections and Responses to Plaintiffs' Notice of Taking 30(b)(6) Deposition of Defendant to Plaintiffs' counsel on January 22, 2024. On that same day, Defendant also provided its First Production of Documents.

20. On January 25, 2024, the Parties participated on a meet and confer call was held to discuss the 30(b)(6) topics.

21. A follow up meet and confer was held on February 13, 2024, to finish the discussion of the 30(b)(6) topics.

22. On March 1, 2024, Plaintiffs emailed a document production to Defendants' counsel.

23. A Status Conference was held on March 4, 2024, where the Parties were instructed to file an Amended Proposed Scheduling Order, which the Parties then filed on March 5, 2024. (ECF No. 47). The Court adopted the Amended Proposed Scheduling Order on March 6, 2024 (ECF No. 48) setting the following deadlines: Plaintiffs shall produce Experts for depositions by September 16, 2024, and Defendant shall produce Experts for depositions by November 11, 2024.

24. Throughout March and April 2024, Plaintiffs' counsel engaged with 'defense counsel regarding document production and the scheduling of the 30(b)(6) depositions.

25. On April 22, 2024, a call was held between Plaintiffs' counsel and Defendant's counsel to discuss scheduling 30(b)(6) depositions, document productions, and potential of a settlement conference.

26. Defendant produced its Second Production of Documents on May 4, 2024.

27. On May 14, 2024, a meet and confer was held to discuss 30(b)(6) topics, production disagreements and discovery issues.

## MEDIATION AND SETTLEMENT NEGOTIATIONS

28. On May 18, 2024, in anticipation of beginning to engage in settlement discussions, Defendant's counsel provided Plaintiffs' counsel with the number of website subscribers, including the number of digital subscribers of the Lee sites that visited webpages containing a standalone video, which helped aid in formulating Plaintiffs' settlement demand.

29. After months of email communications and meet and confer calls to schedule a 30(b)(6) deposition, a 30(b)(6) deposition was held of Mark Bullard, the Corporate Designee for Lee, in Park City, Utah on June 26, 2024.

30. During the course of settlement communications between the Parties prior to agreeing to formal mediation, the Parties discussed and contemplated certain parameters, including, a settlement demand and settlement offer range, and Plaintiffs' commitment to focus their demand on the number of digital subscribers who navigated to a page with a standalone video.

31. A telephonic Status Conference was held on July 8, 2024, where the Parties informed the Court of their plan to mediate the action before retired Judge Wayne R. Andersen

in November 2024. The Parties were instructed to submit a Joint Proposed Second Amended Scheduling Order on or before July 15, 2024, based on the scheduled Mediation.

32. Immediately following the Status Conference on July 8, 2024, the Parties reached out to JAMS to schedule the mediation before Judge Wayne R. Andersen. The mediation was scheduled for November 5, 2024.

33. The Parties filed their Second Amended Proposed Scheduling Order and Discovery Plan on July 15, 2024. (ECF No. 51). An Order adopting the Second Amended Proposed Scheduling Order and Discovery Plan was docketed the same day, and provided the following deadlines: Plaintiffs to file Motion for Class Certification, Expert Reports, and Expert Disclosures by February 13, 2025; Plaintiffs shall produce experts for depositions by March 6, 2025; Defendant shall file Opposition to the Motion for Class Certification, Expert Reports, and Expert Disclosures by April 17, 2025; Defendant shall produce Experts for deposition by May 1, 2025; and Plaintiffs shall file Reply Brief in Support of Motion for Class Certification by May 27, 2025. (ECF No. 52).

34. Plaintiffs submitted their Mediation Statement to the JAMS portal on October 29, 2024. In preparing the mediation statement, Plaintiffs' counsel surveyed the field of other settlements in similar VPPA cases to come to a demand seeking a total settlement of $60 per class member.

35. On November 5, 2024, the Parties engaged in a full day, in-person mediation before Judge Wayne R. Andersen in Fort Myers, Florida.

36. Following the mediation, Judge Wayne Andersen provided a mediator's proposal and recommended that the matter be resolved by Defendant's payment of $9.5 million into a common fund. The Parties agreed to Judge Andersen's mediator's proposal.''

## THE SETTLEMENT AGREEMENT PROVIDES SIGNIFICANT BENEFITS TO THE SETTLEMENT CLASS

37. The Settlement resolves claims asserted against Lee relating to Plaintiffs' allegations that Lee racked Plaintiffs' and Settlement Class Members' activity on the Lee Sites without the proper consent, then disclosed to Facebook.

38. Under the Settlement Agreement, Lee agreed to pay $9. 5 million into a non-reversionary Settlement Fund to resolve Plaintiffs' and Settlement Class Members' claims against Lee. The Settlement Fund will pay for: (1) costs of Notice and Settlement Administration; (2) any Service Award for the Settlement Class Representative approved by the Court; (3) any attorneys' fees and expenses approved by the Court; and (4) Settlement Payments for the Settlement Class pursuant to the Settlement. The Settlement also requires Lee to make business practices changes

39. The "Settlement Class" includes means the approximately 1.5 million Lee paid subscribers identified on the Settlement Class List generated by Lee who accessed video material with Lee at any time from December 1, 2020, until March 4, 2025 and who used Facebook during that time. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over this Action; (2) Lee, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Lee has a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

40. The Settlement requires that the Net Settlement Fund (after deducting for notice and administration costs and any Court-approved Service Award to the Settlement Class Representative and attorneys' fees and expenses) be distributed pro rata to all of the Settlement Class Members who file timely and valid claims.

41. Any residual funds remaining in the Settlement Fund after the payment of all Claims and the expiration of time permitted to deposit Settlement Payments made by a check, shall be paid to a *cy pres* recipient agreed to by Class Counsel and Lee, and as approved by the Court.

## THE NOTICE PLAN IS THE BEST PRACTICABLE

42. The Settlement proposes a Notice plan requiring direct notice to be emailed or, alternatively, mailed to each Settlement Class Member. The Settlement Administrator, RG/2 Claims Administration LLC will be responsible for issuing notice according to the Settlement's terms.

43. For the purposes of effectuating individualized, direct Notice, RG/2 Claims Administration LLC shall send Notice with pertinent information regarding the Settlement Agreement via email, and via U.S. mail to Settlement Class Members whose email addresses are invalid and for whom an address is available.

44. The Settlement Administrator shall also establish a Settlement Website, which will include the Settlement Agreement, relevant pleadings, the Long Form Notice, any relevant Court orders regarding the Settlement, and a list of frequently asked questions mutually agreed upon by the Parties.

45. The Notice plan is consistent with other effective, court-approved settlement notice programs, and is the best notice practicable. Under the Notice Plan, the parties expect virtually all Settlement Class Members to receive direct notice and will engage in other means if it becomes apparent that some Settlement Class Members have not received notice. I believe the proposed Notice Plan represents the best practicable notice to Settlement Class Members and satisfies all due process considerations and meets the requirements of Federal Rule of Civil Procedure 23(e)(1)(b).

**REQUEST FOR SERVICE AWARD AND ATTORNEYS' FEES AND EXPENSES**

46. Under the Settlement Agreement, Plaintiffs' Counsel may move the Court for award of attorneys' fees and expenses and for payment of a Service Award to the Settlement Class Representatives of $2,500.00.

47. Any amount awarded by the Court for the Service Award and attorneys' fees and expenses will be paid from the Settlement Fund.

48. The Settlement is not contingent on the Court's approval of the payment of any attorneys' fees or expenses

**THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

49. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arms' length.

50. My firm, Levi & Korsinsky, LLP, has significant experience in litigating class actions of similar size, scope, and complexity to this instant action. *See* Firm Resume of Levi & Korsinsky, LLP, attached hereto as Exhibit E.

51. We vigorously pursued the Action and represented the interests of Plaintiffs and the Settlement Class, and have a strong understanding of the strengths and weaknesses of Plaintiffs' claims based on their experience, knowledge obtained from representing Plaintiffs, the exchange of information between the Parties, and their vigorous mediation efforts. Plaintiffs' Counsel thus have adequate information to assess the reasonableness of the Settlement.

52. Plaintiffs' Counsel recognizes that despite our belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to ultimately secure a favorable judgment at trial, the

expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

53. Given these litigation risks, this Settlement is an excellent result in a complex, high risk, hard-fought case that provides a substantial recovery for Plaintiff and the Settlement Class.

54. Plaintiffs and proposed Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

55. Because the Settlement represents a fair and reasonable recovery on behalf of Plaintiff and the proposed Settlement Class, Class Counsel believe that the Court should preliminarily approve the Settlement and direct Notice to be issued to the Settlement Class.

Executed this 5th day of March, 2025 at New York, New York.

/s Mark S. Reich
Mark S. Reich