**Execution Copy**

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into on this ____ day of March 2025, by and between Brittney Stoudemire, Amanda Vose, Lucinda Jackson, Dana Foley, Douglas Castle, and Barbara Grazioli, individually and on behalf of the Participating Settlement Class Members (as defined below) (collectively referred to as the "Plaintiffs"), and Lee Enterprises, Incorporated ("Lee" or "Defendant") (together with "Plaintiffs", the "Parties"), in the action styled as *Stoudemire, et al. v. Lee Enterprises, Inc.*, Case No. 3:22-cv-00086-SHL-SBJ (the "Action"), pending in the U.S. District Court for the Southern District of Iowa.

## RECITALS

WHEREAS, in the Action Plaintiffs allege Lee violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") through the use of tracking methods ("Tracking Methods") that Lee uses in connection with all websites owned and operated by Lee (the "Lee Sites"); and

WHEREAS, Plaintiffs allege Lee knowingly tracked Plaintiffs' and Participating Settlement Class Members' activity on the Lee Sites without the proper consent, then disclosed to Facebook that information, which included (i) Plaintiffs' Facebook ID ("FID") and (ii) URLs containing the title of a video allegedly watched ("Video Media" and collectively the FID and Video Media are referred to as the "Personal Viewing Information"); and

WHEREAS, Lee moved to dismiss the Action on March 30, 2023, and following the completion of briefing and oral argument, the Court issued an order on July 20, 2023, denying Lee's motion to dismiss;

WHEREAS, Plaintiffs and Lee engaged in discovery related to the claims and defenses asserted;

WHEREAS, to avoid the risks, expense, and uncertainties of litigation, Plaintiffs and Lee have engaged in settlement negotiations pursuant to Federal Rule of Evidence ("FRE") 408, which included (i) informal settlement discovery and conferences between the Parties; (ii) an exchange of mediation briefs; and (iii) a formal mediation before the Honorable Wayne Andersen (Ret. U.S.D.J.) ("Judge Andersen"); and

WHEREAS, following extensive arm's length settlement negotiations in an all-day mediation session on November 5, 2024, conducted by Judge Andersen, followed by a mediator's proposal issued by Judge Andersen, the Parties reached a settlement in principle; and

WHEREAS, Lee has denied and continues to deny any wrongdoing whatsoever including, without limitation, as to the allegations and any and all liability or damages with respect to any and all facts and claims alleged in the Action, whether as to individual plaintiffs or as to members of the putative class, including but not limited to claims alleging Lee knowingly tracked Plaintiffs' and Participating Settlement Class Members' activity on the Lee Sites without the proper consent, then disclosed that information, including Personal Viewing Information, to Facebook; and

1

WHEREAS, this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession by Lee as to any claim, fault, liability, wrongdoing or damage whatsoever, or as to any infirmity in the defenses that Lee has asserted or would assert, or as to the requirements of Federal Rule of Civil Procedure 23 and whether Plaintiffs satisfy those requirements;

NOW, THEREFORE, in exchange for the mutual promises and valuable consideration described above and provided for in this Agreement, and without any admission or concession by either Party, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

## I.    DEFINITIONS

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.    "Approved Claim" means a timely submitted Claim Form by a Participating Settlement Class Member that has been approved by the Settlement Administrator.

2.    "Lee" or "Lee Enterprises" means Lee Enterprises, Incorporated, and its predecessors, successors, affiliates, subsidiaries, parent and assigns and their respective directors, shareholders, principals, partners, officers, agents, dealers, suppliers, attorneys, representatives, employees, and insurers.

3.    "Lee's Counsel" means Troutman Pepper Locke LLP.

4.    "Claim Form" or "Claim" means the form Participating Settlement Class Members must timely submit to be eligible for a pro-rata Settlement Payment from the Net Settlement Fund under the terms of this Agreement. The format of the Claim Form, which shall be available on the Settlement Website, and mailed to Settlement Class Members who request that a Claim Form be mailed, will be attached to the Settlement Class Notice.

5.    "Claims Deadline" means the last day to submit a timely Claim Form, which will occur forty-five (45) days after the Notice Deadline.

6.    "Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive Settlement benefits, which will end on the Claims Deadline.

7.    "Class Counsel" means Levi & Korsinsky, LLP and Shindler, Anderson, Goperud & Weese, P.C.

8.    "Plaintiffs" or "Settlement Class Representatives" mean Brittney Stoudemire, Amanda Vose, Lucinda Jackson, Dana Foley, Douglas Castle, and Barbara Grazioli.

9.    "Court" means the Honorable Stephen H. Locher in the U.S. District Court for the Southern District of Iowa, or such other judge to whom the Action may hereafter be assigned.

10.    "Effective Date" means one (1) business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order and Judgment; (ii) entry of the Final Approval Order and Judgment if no parties have standing to appeal; or (iii) if any appeal, petition, request for rehearing, or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing, or other review is pending, and the time for further appeals, petitions, requests for rehearing, or other review has expired.

11.    "Fee Application" means any motion for an award of attorneys' fees, Litigation Costs and Expenses, and Service Award Payments to be paid from the Settlement Fund, as set forth in Paragraphs 64 and 66.

12.    "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel and other Plaintiffs' counsel at the discretion of Class Counsel.

13.    "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Settlement Agreement. Class Counsel and Lee's Counsel will work together on a mutually agreeable proposed Final Approval Order and Judgment for the Court's consideration.

14.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

15.    "Lee Releasees" means Lee, and each of its predecessors in interest, present and former subsidiaries, parents, affiliates, divisions, joint ventures, and controlled entities, and, solely in its capacity as such, each of the preceding entities' past present and future insurers, subrogees, co-insurers and reinsurers, agents, representatives, officers, directors, employees, principals, partners, members, shareholders and owners, predecessors, successors, assigns, transferees, heirs, executors, administrators, attorneys and anyone acting on their behalf or under their control.

16.    "Litigation Costs and Expenses" means costs and expenses incurred by Class Counsel and other Plaintiffs' counsel in connection with commencing, prosecuting, and settling the Action.

17.    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses; (ii) the Fee Award and Costs; and (iii) Service Award Payments.

18.    "Notice" or "Settlement Class Notice" means notice of the proposed class action Settlement to be drafted by Class Counsel in conjunction with the Settlement Administrator and subject to approval by Lee's Counsel and provided to Settlement Class Members pursuant to the Preliminary Approval Order prior to the Claims Deadline. "Notice" shall be primarily accomplished by electronic means (e.g., email), and if needed, shall be by postcard mailed to those Settlement Class members whose email address is invalid and who have a valid mail address on file with Lee. If no valid mail or email address exists, notice may occur by publication on one or more of the Lee Sites where a Settlement Class member has a Lee subscription. Any publication notice on Lee Sites shall be at no cost to the Settlement Class.

19.    "Notice Deadline" means the last day by which Notice must be issued to the Settlement Class Members, and will occur within forty-five (45) days after receipt by the Settlement Administrator of the Settlement Class List.

20.    "Notice and Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, providing Notice of the Settlement to appropriate federal and state officials as required by the Class Action Fairness Act (28 U.S.C. §1715), providing reminder notices to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also includes all taxes and reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

21.    "Objection Deadline" is the last day on which a Settlement Class Member may file an objection to the Settlement or Fee Application, which will be forty-five (45) days after the Notice Deadline.

22.    "Opt-Out Deadline" is the last day on which a Settlement Class Member may file a Request for Exclusion from the Settlement Class, which will be forty-five (45) days after the Notice Deadline.

23.    "Participating Settlement Class Member" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

24.    "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment, that is consistent with all material provisions of this Settlement Agreement. Class Counsel and Lee's Counsel will propose to the Court a mutually acceptable proposed Preliminary Approval Order for the Court's consideration.

25.    "Released Claims" means any and all Claims that are released as provided for in paragraph 60 of the Settlement Agreement.

26.    "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

27.    "Service Award Payments" means compensation awarded by the Court and paid to the Settlement Class Representatives, Brittney Stoudemire, Amanda Vose, Lucinda Jackson, Dana Foley, Douglas Castle, and Barbara Grazioli, in recognition of their role in this litigation and their efforts on behalf of the Settlement Class.

28.    "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

29.    "Settlement Administrator" means RG2 Claims Administration LLC or such other Settlement Administrator that Class Counsel and Lee's Counsel may agree upon, subject to Court approval.

30.    "Settlement Class" means any of the approximately 1.5 million Lee subscribers identified on the Settlement Class List generated by Lee who requested or accessed video material on a Lee website at any time from December 19, 2020, until the date this Agreement is signed as provided for on page 1 and who was a Facebook user during that time. Excluded from the Settlement Class are: (i) the Judge and Magistrate Judge presiding over this Action and their immediate family members; (ii) Lee, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Lee has a controlling interest and their current or former officers, directors, and employees; and (iii) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

31.    "Settlement Class List" means the list generated by Lee containing the full names, email addresses, and current or last known addresses where known for all persons who fall under the definition of the Settlement Class, which Lee shall provide to the Settlement Administrator within ten (10) days of the Preliminary Approval Order.

32.    "Settlement Class Member" means an individual who falls within the definition of the Settlement Class.

33.    "Settlement Fund" means nine million five hundred thousand dollars ($9,500,000.00) to be paid by on behalf of Lee as specified in Paragraph 37, plus any interest accrued thereon after payment, which represents the full and complete limit and extent of Lee's financial obligations with respect to the Settlement.

34.    "Settlement Payment" or "Settlement Check" mean the payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member pursuant to Paragraph 37. The value of each Settlement Payment shall be determined by dividing the Net Settlement Fund by the number of valid Claim Forms approved by the Settlement Administrator.

35.    "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the

mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, Claim Form, this Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, the Fee Application, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

36. "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Lee with respect to any income or gains earned by or in respect of the dollar amount in the Settlement Fund for any period while it is held in the Settlement Fund.

## II.  SETTLEMENT FUND

37. **Establishment of Settlement Fund.** Within thirty (30) days of the entry of the Preliminary Approval Order, Lee or Lee's insurer shall deposit the sum of Nine Million Five Hundred Thousand and xx/100 Dollars ($9,500,000.00) into an account established and administered by the Settlement Administrator at a financial institution agreed upon by Class Counsel and Lee. The Nine Million Five Hundred Thousand and xx/100 Dollars ($9,500,000.00) represents the entirety of Lee's financial obligations with respect to this Settlement and shall be used to pay all the expenses, costs associated with the administration of this Settlement, including paying Notice and Administrative Expenses, paying Approved Claims, paying Service Award Payments, paying the Fee Award and Costs, and paying any and all Taxes and Tax-Related Expenses. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9 to Lee within five (5) days of the entry of the Preliminary Approval Order.

38. **Non-Reversionary.** The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Lee in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraphs 57 or 58. Any residual funds remaining in the Settlement Fund after the payment of all Approved Claims and the expiration of time permitted to deposit Settlement Payments made by a check, shall be paid to a *cy pres* recipient agreed to by Class Counsel and Lee, and as approved by the Court.

39. **Qualified Settlement Fund.** The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date

possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

40.    **Custody of Settlement Fund.** The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 57 or 58.

41.    **Use of the Settlement Fund.** As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (i) Approved Claims; (ii) Notice and Administrative Expenses; (iii) the Fee Award and Costs; (iv) Taxes and Tax-Related Expenses; and (v) Service Award Payments approved by the Court. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement. Responsibility for effectuating payments described in this paragraph shall rest solely with the Settlement Administrator and Lee shall have no responsibility whatsoever with respect to effectuating such payments.

42.    **Taxes and Representations.** Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Administrator shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Settlement Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it associated with the receipt of funds they receive from the Settlement Fund pursuant to this Agreement.

## III.    SETTLEMENT BENEFITS AND ADMINISTRATION

43.    **Claims Administration Protocol.** Settlement Class Members may submit claims to be compensated from the Settlement Fund. Settlement benefits shall be administered and paid by the Settlement Administrator as set forth in this Settlement Agreement.

44.    **Business Practice Revisions.** Within ninety (90) days of service of the Preliminary Approval Order, Lee will suspend operation of the Facebook or Meta Pixel on any pages of its websites or application that track video content and have a URL that identifies the title of the video content requested or viewed (if any). Lee agrees to suspend operation of the sharing of video titles as provided in this Paragraph 44 until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States

Supreme Court, any federal court of appeals, any U.S. federal district court located in Iowa, or an Iowa state court of general jurisdiction). Nothing herein shall prohibit the use of the Facebook or Meta Pixel where the disclosure of information to Facebook or Meta does not identify specific video materials that a user or subscriber has requested or where Lee has obtained consent that is compliant with the VPPA. Lee shall provide written certification of its compliance with the business practice revisions at or before the Final Approval Hearing.

## IV.    SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

45.    **Notice.** Within ten (10) business days after the date of the Preliminary Approval Order, Lee shall provide the Settlement Class List to the Settlement Administrator. Within forty-five (45) days after receipt of Settlement Class List, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be accomplished as set forth in Paragraph 18 of this Agreement. Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members at any time prior to the Claims Deadline. The Settlement Administrator will also send postcard notice to anyone on the Settlement Class List whose email is determined to be invalid, and for whom a valid mailing address is available. The process to issue Notice as described in this paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

46.    **Final Approval Hearing.** The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with Paragraph 48 waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

47.    **Opt-Outs.** The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement in the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

48.    **Objections.** The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, email address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous 5 years; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

## V.    DUTIES OF THE SETTLEMENT ADMINISTRATOR

**49.    Duties of Settlement Administrator and Confidentiality Obligations.** The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement.  Except as required to perform the functions contemplated by this Agreement, the Settlement Administrator shall treat the Settlement Class List as confidential information and shall not use it or share it with any third parties without the consent of Lee.

**50.    Limitation of Liability.** The Parties, Class Counsel, and Lee's Counsel and Lee's insurer shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

**51.    Indemnification.** The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and Lee's Counsel and Lee's insurer for (i) any act or omission or determination of the Settlement Administrator, or any of the Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## VI.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

**52.    Certification of the Settlement Class.** For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date.

**53.    Preliminary Approval.** Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, within forty-five (45) days thereof or a date thereafter that is agreeable to the Parties.

**54.    Final Approval.** Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least ninety (90) days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**55.    Jurisdiction.** The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any

suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VII.  MODIFICATION AND TERMINATION

**56.    Modification.** The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

**57.    Settlement Not Approved.** If: (i) the Court does not issue the Preliminary Approval Order or Final Approval Order and Judgment; (ii) the Effective Date does not occur; or (iii) the Final Approval Order and Judgment is modified or reversed in any material respect by any appellate or other court, the Parties shall have sixty (60) days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order and Judgment not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

**58.    Termination.** Lee may also unilaterally terminate this Agreement on seven (7) days written notice to Class Counsel if more than one hundred (100) individuals submit valid Requests for Exclusion, as agreed to by the Parties and submitted to the Court for *in camera review*.

**59.    Effect of Termination.** In the event of a termination as provided herein, this Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Lee reserves the right to contest class certification for all purposes other than this Settlement. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Lee did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification; and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved. Within three (3) business days after termination as provided for herein, the Settlement Fund shall be refunded to Lee, less any non-refundable, reasonable amounts already paid for Notice and Administrative Expenses.

## VIII.  RELEASES

60.    **The Release.** Upon the Effective Date, and in consideration of the Settlement benefits described herein, each of the Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns shall be deemed to have released, acquitted, and forever discharged the Lee Releasees from any and all claims, counterclaims, demands, rights, charges, complaints, actions, causes of action, obligations, or liabilities for actual or statutory damages, punitive damages, restitution or other monetary or nonmonetary relief of any and every kind arising from or related to the Tracking Methods or the VPPA, as alleged in the Action or this Settlement Agreement, whether known, or unknown, suspected, unsuspected, foreseen or unforeseen under the law of any jurisdiction (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

61.    **Mutual Understanding.** The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

62.    **Release of Settlement Class Representatives and Class Counsel.** Upon the Effective Date, Lee (as defined herein) shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims, counterclaims, demands, rights, charges, complaints, actions, causes of action, obligations, or liabilities for actual or statutory damages, punitive damages, restitution or other monetary or nonmonetary relief of any and every kind arising from or related to the institution, prosecution or settlement of the Action whether known, or unknown, suspected, unsuspected, foreseen or unforeseen under the law of any jurisdiction (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

63.    **Bar to Future Suits.** Upon entry of the Final Approval Order and Judgment, the Settlement Class Representatives and other Participating Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of Lee Releasees or based on any actions taken by any of Lee Releasees that are authorized or required by this Agreement or by the Final Approval Order and Judgment. Likewise, Lee Releasees, and their representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel, or based on any actions taken by Settlement Class Representatives and Class Counsel

11

that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## IX.    SERVICE AWARD PAYMENTS

64.    **Service Award Payments.** At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application that will include a request for Service Award Payments for the Settlement Class Representatives in recognition for their contributions to this Action not to exceed Two Thousand Five Hundred and xx/100 Dollars ($2,500.00) per representative. The Settlement Administrator shall make the Service Award Payments to the Settlement Class Representatives from the Settlement Fund. Such Service Award Payments shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than three (3) days after the Effective Date.

65.    **No Effect on Agreement.** In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## X.    ATTORNEYS' FEES, COSTS, EXPENSES

66.    **Attorneys' Fees and Costs and Expenses.** At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application for an award of attorneys' fees and Litigation Costs and Expenses to be paid from the Settlement Fund not to exceed one-third (33.33%) of the Settlement Fund for fees, plus 33.33% of any interest earned, and Class Counsel's request for reimbursement of out-of-pocket expenses. Prior to the disbursement or payment of the Fee Award and Costs under this Agreement to the Esquire Bank account of Levi & Korsinsky, LLP, Levi & Korsinsky, LLP shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. The Fee Award and Costs (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than ten (10) days after the Effective Date.

67.    **Allocation.** Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' counsel and any other attorneys for Plaintiffs. Lee shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

## XI.    NO ADMISSION OF LIABILITY

68.    **No Admission of Liability.** The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

Execution Copy

69.     **No Use of Agreement.** Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Lee Enterprises in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XII.    MISCELLANEOUS

70.     **Entire Agreement.** This Agreement shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. Except as otherwise provided in Paragraph 56, this Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval.

71.     **Deadlines.** If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

72.     **Construction.** For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

73.     **Cooperation of Parties.** The Parties agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

74.     **Obligation to Meet and Confer.** Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall meet and confer with each other in good faith in an attempt to resolve the dispute prior to seeking Court intervention.

75.     **Governing Law.** The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Iowa, without regard to the principles thereof regarding choice of law.

76.     **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

77.     **Notices.** All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Mark S. Reich
Levi & Korsinsky LLP

13

Execution Copy

33 Whitehall Street, 17th Floor
New York, NY 10004
mreich@zlk.com

All notices to Lee provided for herein, shall be sent by overnight mail and email to:

Astrid Garcia, Esq.
Lee Enterprises
Vice President of Human Resources and Legal
Chief Legal Officer
4600 East 53rd Street
Davenport, Iowa 52807
Astrid.Garcia@lee.net

-and-

Angelo A. Stio, III
Troutman Pepper Locke LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540
angelo.stio@troutman.com

The notice recipients and addresses designated above may be changed by written notice.

77.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

By: _____         Date: March 4 2025
Mark S. Reich
Levi & Korsinsky, LLP

By: _____         Date: March 4 2025
J. Barton Goplerud
Shindler, Anderson, Goplerud & Weese, PC

*Counsel for the Settlement Class*

By: _____         Date: March 4 2025
Angelo A. Stio, III
Troutman Pepper Locke LLP
*Counsel for Defendant, Lee Enterprises, Incorporated*

14