### United States District Court for the Southern District of Iowa
*Stoudemire, et al. v. Lee Enterprises, Inc.*, Case No. 3:22-cv-00086-SHL-WPK

**Our Records Indicate You Have Subscribed to a *Lee Enterprises, Inc.* Publication and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A proposed Settlement has been reached in a class action lawsuit that was filed against Lee Enterprises, Inc. ("Lee" or "Defendant"). In the class action lawsuit, plaintiffs allege Lee disclosed Plaintiffs' and Settlement Class Members' its subscribers' personally identifiable information ("PII") to Facebook through use of tracking methods without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Lee denies that it have violated the VPPA or any other law. The parties have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included in the Settlement Class if you are a person in the United States who, from December 1, 2020, until March 4, 2025, had a Facebook account, and were a subscriber of a Lee publication during that time.

- Persons included in the proposed Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates will be approximately $____. The proposed Settlement also includes injunctive relief halting the alleged practices.

- Your unique Login and Password on this Notice will be required to access the online and paper claim forms.
Login: XXX_XXX_XXXX                Password: XXXX

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY __, 2025** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY __, 2025** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY __, 2025** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON __, 2025** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the class action lawsuit, the proposed Settlement, and your legal rights.

The Honorable Stephen H. Locher, of the U.S. District Court for the Southern District of Iowa, is overseeing this case. The case is called *Stoudemire, et al. v. Lee Enterprises, Inc*., Case No. 3:22-cv-00086-SHL-WPK. The persons who have sued are called the Plaintiffs. The Defendant is Lee.

**QUESTIONS? CALL [INSERT NUMBER] OR VISIT [INSERT WEBSITE]**

### 2. What is a class action?

In a class action, one or more people called the Class Representative(s) or Plaintiff(s) (in this case, Brittney Stoudemire, Amanda Vose, Lucinda Jackson, Dana Foley, Douglas Castle, and Barbara Grazioli) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

### 3. What is this lawsuit about?

This lawsuit claims that Lee violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA") by disclosing its subscribers' personally identifiable information ("PII") to Facebook through use of tracking methods without consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Lee denies that it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the class action lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or Lee should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The **Settlement Class** is defined as:

The approximately 1.5 million Lee subscribers identified on the Settlement Class List generated by Lee who accessed video material on a Lee website at any time from December 19, 2020, until March 4, 2025 and who used Facebook during that time. Excluded from the Settlement Class are: (i) the Judge and Magistrate Judge presiding over this Action, as well as their immediate family members; (ii) Lee, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Lee has a controlling interest and their current or former officers, directors, and employees; and (iii) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

*Monetary Relief*: Defendant has created a Settlement Fund totaling $9,500,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representative will also come out of this fund (*see* Question 13).

Defendant has agreed to suspend operation of the Facebook or Meta Pixel on any pages on its website or app that track video content and have a URL that identifies the title of the video content requested or viewed (if any), and to suspend operation of the sharing of video titles until the VPPA is amended, repealed, or otherwise invalidated, or unless Defendant has obtained valid consent to share the information.

A detailed description of the settlement benefits can be found in the Settlement Agreement available on the settlement website at [INSERT WEBSITE].

**QUESTIONS? CALL [PHONE NUMBER] TOLL FREE,
OR VISIT [WEBSITE]**

| 7. | How much will my payment be? |
|---|---|

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $___. You can contact Class Counsel at 212-363-7500 to inquire as to the number of claims filed.

| 8. | When will I get my payment? |
|---|---|

The hearing to consider the fairness of the proposed Settlement is scheduled for_____. If the Court approves the proposed Settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 90 days after the proposed Settlement has been finally approved and/or any appeals process is complete. The payment will be made via mailed check and/or electronic payment, and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

| 9. | How do I get a payment? |
|---|---|

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by __, 2025. A Claim Form can be submitted on the settlement website at [INSERT WEBSITE] or by printing and mailing a paper Claim Form, copies of which are available for download on the settlement website [INSERT WEBSITE].

We encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

| 10. | What am I giving up if I stay in the Class? |
|---|---|

If the Settlement becomes final, you will give up your right to sue Lee for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against Lee. You will be "releasing" Lee and certain of its affiliates described in Section VIII of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer.

| 11. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you won't get any benefits from this Settlement. If you don't exclude yourself, or "opt out," you won't be able to start a lawsuit or be part of any other lawsuit against Lee for the claims being resolved by this Settlement.

**QUESTIONS? CALL [NUMBER] TOLL FREE, OR VISIT [WEBSITE]**

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Levi & Korsinsky, LLP. to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the $9.5 million Settlement Fund, but the Court may award less than this amount.

As approved by the Court, the Class Representatives will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representatives will seek no more than $2,500 as an incentive award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Stoudemire, et al. v. Lee Enterprises, Inc., Case No. 3:22-cv-00086-SHL-WPK* settlement. Your letter or request for exclusion must also include your full name, your current address, your signature, the name and number of this case, and the words "request for exclusion" or a comparable statement that you do not wish to participate in the Settlement. You must place in the mail or deliver your exclusion request no later than __, 2025, to:

[INSERT ADDRESS]

If you do not file a timely request for exclusion, you will lose the opportunity to exclude yourself from the Settlement and will be bound by the Settlement.

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Stoudemire, et al. v. Lee Enterprises, Inc., Case No. 3:22-cv-00086-SHL-WPK* and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must include (i) the name of the proceedings; (ii) your full name, current mailing address, email address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether you (or your attorney) intends to appear at the Final Approval Hearing; (vi) a statement identifying all class action settlements objected to by you in the previous 5 years; and (vii) your signature or the signature of your attorney.

QUESTIONS? CALL [NUMBER] TOLL FREE, OR VISIT [WEBSITE]

Class Counsel will file with the Court and post on this website its request for attorneys' fees and expenses by __, 2025.

If you want to appear and speak at the Final Approval Hearing to object to the proposed Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to Class Counsel and Defendant's Counsel at the addresses below postmarked no later than __, 2025.

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF IOWA,<br>DAVENPORT DIVISION<br>131 EAST 4TH STREET<br>DAVENPORT, IA 52801 | J. BARTON GOPLERUD<br>BRIAN O. MARTY<br>**SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C.**<br>5015 GRAND RIDGE DRIVE, SUITE 100<br>WEST DES MOINES, IA 50265<br><br>MARK S. REICH<br>COURTNEY E. MACCARONE<br>GARY S. ISHIMOTO<br>**LEVI & KORSINSKY, LLP**<br>33 WHITEHALL, 17TH FLOOR<br>NEW YORK, NY 10006 | IAN J. RUSSELL<br>JOSHUA J. MCINTYRE<br>**LANE & WATERMAN LLP**<br>220 NORTH MAIN STREET, SUITE 600<br>DAVENPORT, IA 52801<br><br>RONALD I. RAETHER<br>TAMBRY L. BRADFORD<br>**TROUTMAN PEPPER LOCKE LLP**<br>100 SPECTRUM CENTER DRIVE, SUITE 1500<br>IRVINE, CA 92618<br>-AND-<br>ANGELO A. STIO III<br>**TROUTMAN PEPPER LOCKE LLP**<br>301 CARNEGIE CENTER, SUITE 400<br>PRINCETON, NJ 08543 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at **[TIME]** on **[DATE]**, in Courtroom **[#]** at the U.S. District Courthouse, 131 East 4th Street, Davenport, Iowa 52801. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check **[SETTLEMENT WEBSITE] or call [SETTLEMENT NUMBER]**. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**QUESTIONS? CALL [NUMBER] TOLL FREE,
OR VISIT [WEBSITE]**

| 20. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have. You are welcome, however, to attend the hearing at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

| 21. | May I speak at the hearing? |
|---|---|

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Stoudemire, et al. v. Lee Enterprises, Inc*., Case No. 3:22-cv-00086-SHL-WPK." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **__, 2025**, and must be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

| 22. | Where do I get more information? |
|---|---|

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at [INSERT WEBSITE]. You may also write with questions to [ADDRESS]. You can call the Settlement Administrator at [NUMBER]. if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**QUESTIONS? CALL [NUMBER] TOLL FREE, OR VISIT [WEBSITE]**

7