IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| BRITTANY STOUDEMIRE, AMANDA VOSE, LUCINDA JACKSON, DANA FOLEY, DOUGLAS CASTLE, and BARBARA GRAZIOLI, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>LEE ENTERPRISES, INC.,<br><br>          Defendant. | 3:22-cv-00086-SHL-SBJ<br><br><br><br>**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMIANRY APPROVAL OF CLASS ACTION SETTLEMENT** |

      Plaintiffs, individually and on behalf of a putative class, have sued Defendant for alleged violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, et seq. (ECF 1.) On July 20, 2023, the Court denied Defendant's Motion to Dismiss. (ECF 33.) The parties then engaged in settlement discussions, culminating in an agreement to resolve the case on a class-wide basis. Plaintiffs now move to certify the class and for preliminary approval of the settlement agreement and related relief pursuant to Fed. R. Civ. P. 23(3). (ECF 53.) The motion is unresisted. (Id.) For reasons set forth below, the Court GRANTS Plaintiffs' motion.

**I.     LEGAL ANALYSIS: CLASS CERTIFICATION.**

      Although the parties have stipulated to class certification, the Court nonetheless must undertake an independent analysis to ensure certification is appropriate. This analysis involves two parts pursuant to Fed. R. Civ. P. 23. *See Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1036 (8th Cir. 2018). First, the Court examines whether the proposed class satisfies Fed. R. Civ. P. 23(a)'s requirements of "numerosity, commonality, typicality, and fair and adequate representation." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013). Second, the Court considers whether the proposed class meets at least one of the requirements of Fed. R. Civ. P. 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). The plaintiff carries the burden, *Postawko*, 910 F.3d at 1036, and the Court must engage in a "rigorous analysis" to determine if Fed. R. Civ. P. 23's requirements are satisfied, *Custom Hair Designs by Sandy v. Cent. Payment Co., LLC*, 984 F.3d 595, 600 (8th Cir. 2020).

Since the parties have "met and conferred" regarding certification and Defendants do not oppose certification, the Court will certify the class as the parties agreed. To fulfill its obligation to conduct a "rigorous analysis," however, the Court will first "state its reasons for certification," including by providing a "statement of the basic facts to indicate that each requirement of [Rule 23] is fulfilled." *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 612 (8th Cir.) (quotations omitted), *amended*, 855 F.3d 913 (8th Cir. 2017).

At the outset, the four requirements of Fed. R. Civ. P. 23(a) are met. First, the proposed class includes hundreds of thousands of members, which is easily enough to satisfy the numerosity requirement. *See Postawko*, 910 F.3d at 1037–38 (numerosity exists where joinder of all members is impracticable). Second, Plaintiffs' claims raise questions of law or fact common to the proposed class, including, e.g.: (a) whether Defendant is a video tape service provider within the meaning of the VPPA; (b) whether the information Defendant allegedly disclosed to Meta (Facebook) is protected information under the VPPA; (c) whether Defendant "knowingly" disclosed that information; (d) whether Defendant obtained written consent from Class Members prior to any disclosures of information; and (e) whether Defendant's conduct is governed by the VPPA. *See id.* at 1038 (commonality is satisfied where claims involve a common question "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). Third, Plaintiffs' claims are typical of other proposed class members. *See id.* at 1039 (typicality is "fairly easily met so long as other class members have claims similar to the named plaintiff[s]"). Fourth, Plaintiffs are adequate to represent the proposed class and have no known conflicts with any proposed class members with respect to the claims. *See In re Target Corp.*, 847 F.3d at 613 (the "linchpin" of the adequacy requirement is the "alignment of interests," which requires courts to consider conflicts between named parties and the other class members (quoting *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012)). Finally, although no longer directly coupled with the Fed. R. Civ. P. 23(a)(4) analysis, the Court finds the proposed class counsel is similarly adequate. *See Karg v. Transamerica Corp.*, No. 1:18-CV-134-CJW-KEM, 2020 WL 3400199, at *5 (N.D. Iowa Mar. 25, 2020) (explaining that counsel's adequacy must be evaluated under Fed. R. Civ. P. 23(g)).

Having found the requirements of Fed. R. Civ. P. 23(a) are satisfied, the Court turns to the requirements of Fed. R. Civ. P. 23(b)(3). It appears from the pleadings and the record that

Defendant engaged in approximately the same conduct toward each member of the class, and thus Defendant's liability to class members will rise and fall together—not on any individualized basis. Accordingly, the Court concludes that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court therefore GRANTS Plaintiffs' request for class certification for settlement purposes only.

## II.   LEGAL ANALYSIS: PRELIMINARY APPROVAL OF SETTLEMENT.

"A settlement agreement is 'presumptively valid.'" *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (quoting *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1,* 921 F.2d 1371, 1391 (8th Cir.1990)). "That said, preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013). Instead, under Fed. R. Civ. P. 23(e), "the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). In determining whether to approve a class settlement, the Court must consider the factors set forth in Fed. R. Civ. P. 23(e)(2), which include whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) the agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.*

In the course of evaluating these factors, the Eighth Circuit has directed district courts to consider: "(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508

(8th Cir. 2015) (quoting *In re Uponor*, 716 F.3d at 1063). "The single most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Id.* (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)). The Court may not unilaterally modify a proposed settlement agreement, but it may advise the parties that it will not approve a proposed settlement until certain modifications are made. *Evans v. Jeff D.*, 475 U.S. 717, 726–27, (1986); *see also Rawa v. Monsanto Co.*, 934 F.3d 862, 871 (8th Cir. 2019) (same).

The Court is satisfied, for purposes of preliminary approval, that the proposed settlement is "fair, reasonable, and adequate" considering the factors set forth in Eighth Circuit precedent and Fed. R. Civ. P. 23(e)(2). The Court is confident that the class representative and class counsel have adequately represented the class. There is no indication that any conflicts of interest or other deficiencies have arisen in counsel's representation of the class. Similarly, the record shows the proposal was negotiated at arm's length. In some circumstances, such as when parties present a settlement for court approval before meaningful litigation has occurred, concerns develop that the agreement might be the product of collusion—i.e., the defendant might be paying off plaintiff's counsel to free itself from liability without providing meaningful value to the class. *See Keil v. Lopez*, 862 F.3d 685, 693 (8th Cir. 2017) ("The court's role in reviewing a negotiated class settlement is . . . to ensure that the agreement is not the product of fraud or collusion . . . .") (quoting *Marshall*, 787 F.3d at 509); *see also Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1169 (5th Cir. 1978) (holding class interests must not be "wrongfully compromised, betrayed, or 'sold out'"). Here, however, the value is tangible.

Turning to the merits, the Court concludes that both sides have meaningful risk if litigation continues. The VPPA was enacted long before social media companies began using algorithms and cookies to interact with consumers and for a very different reason. Defendant therefore has a plausible argument that the VPPA was not meant to apply here. Conversely, however, the Court already denied Defendant's Motion to Dismiss, thus illustrating the viability of Plaintiffs' theory of recovery. Extended discovery and litigation might not redefine the governing legal issues in any material way, and thus the ruling on the motion to dismiss effectively might become the ruling on the case, period. The multimillion-dollar settlement fund therefore grants relief to Plaintiffs (and the class) and finality to Defendant in a scenario where both sides could end up far worse off through additional litigation. Moreover, although the Court will need to scrutinize the attorney's

fee award more carefully by the time of the final approval hearing, it is satisfied for present purposes that preliminary approval is appropriate.

## III.     CONCLUSION.

For reasons set forth above, the Court: (1) preliminarily approves the parties' settlement agreement; (2) preliminarily certifies the class for settlement purposes only; (3) approves and authorizes the distribution of the proposed notice to class members; (4) names RG/2 Claims Administration LLC as the Class Administrator; and (5) sets the Final Approval Hearing for December 10, 2025, at 9:00 a.m. in Courtroom 242 of the United States District Courthouse in Davenport, Iowa.

**IT IS SO ORDERED.**

Dated: April 14, 2025

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE