IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| BRITTNEY STOUDEMIRE, AMANDA VOSE, LUCINDA JACKSON, DANA FOLEY and BARBARA GRAZIOLI on Behalf of Themselves and All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>LEE ENTERPRISES, INC.<br><br>                              Defendant. | Civil Action No. 3:22-cv-00086-SHL-SBJ |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.   OVERVIEW OF THE LITIGATION AND SETTLEMENT ................................... 3

1.   Factual and Procedural Background of the Litigation ....................................... 3

2.   Summary of the Settlement ............................................................................... 4

   a.    The Settlement Class ...................................................................................... 4

   b.    Monetary Relief ............................................................................................. 5

   c.    Release ........................................................................................................... 5

   d.    Notice to Settlement Class Members ............................................................ 5

   e.    Attorneys' Fees, Litigation Expenses, and Service Awards ......................... 6

III.  THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE APPROVED BY THE COURT. ........................................................................... 7

1.   Criteria to be Considered in Assessing Whether a Class Action Settlement Is Fair, Reasonable, and Adequate. ...................................................................... 7

2.   The Settlement Is Procedurally Fair. ................................................................. 9

   a.    The Settlement Class Was Adequately Represented. .................................. 10

   b.    The Proposed Settlement Was Negotiated at Arm's Length with the Assistance of an Experienced Meditator After Discovery. ........................... 11

3.   The Settlement Is Substantively Fair, Reasonable, and Adequate .................. 12

   a.    The Settlement Provides Meaningful Relief to the Settlement Class. ......... 13

      i.    The Merits of Plaintiffs' Case Balanced Against the Terms of the Settlement, and the Costs, Risks, and Delays of Continued Litigation Through Trial and Appeal .......... 13

      ii.   Effectiveness of Any Proposed Method of Distributing Relief to the Class. ............. 15

      iii.  The Requested Attorneys' Fees and Costs Are Reasonable, Reflective of the Quality of Counsel's Skills and Work, and In Line with Similar Awards Approved in the Eighth Circuit. ............................................................................. 15

      iv.   There Is No Agreement Required to Be Identified under Rule 23(e)(3). ........ 16

      v.    Defendant's Financial Condition .............................................................. 16

   b.    The Settlement Treats All Settlement Class Members Equitably ................ 16

   c.    The Reaction of the Settlement Class Supports Final Approval .................. 16

IV.   FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE AND WARRANTED. ................................................................................................. 17

V.    THE METHOD AND FORM OF CLASS NOTICE SATISFIES RULE 23(e) AND THE PRINCIPLES OF DUE PROCESS. .............................................................. 18

VI.   CONCLUSION ...................................................................................................... 20

i

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Transurban USA, Inc.,*
   318 F.R.D. 560 (E.D. Va. 2016) ................................................................. 10, 11

*Carroll v. Flexsteel Indust.,*
   No. 21-CV-1005, 2022 U.S. Dist. LEXIS 158123 (N.D. Iowa 2022) .................................... 19

*Class Plaintiffs* v. *Seattle,*
   955 F.2d 1268, 1276 (9th Cir. 1992) ............................................................... 7

*Cotton v. Hinton,*
   559 F.2d 1326,1330 (5th Cir. 1977) ................................................................ 9

*DeJulius v. New England Health Care Emp. Pension Fund,*
   429 F.3d 935 (10th Cir. 2005) ..................................................................... 19

*Dekro v. Stern Bros. & Co.,*
   571 F. Supp. 97, 101 (W.D. Mo. 1983) .............................................................. 7

*Doe v. Stephen,*
   2022 U.S. Dist. LEXIS 245470 (S.D. Iowa Dec. 19, 2022) ........................................... 14

*Donaldson v. Primary Residential Mortg., Inc.,*
   No. CV ELH-19-1175, 2021 WL 2187013 (D. Md. May 28, 2021) ....................................... 11

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974) ............................................................................... 18

*Employee Benefit Plans,*
   Fed. Sec. L. Rep. 97,669 at 97,101 ................................................................ 9

*Grove v. Principal Mutual Life Ins. Co.,*
   200 F.R.D. 434, 445 (S.D. Iowa 2001) ............................................................. 9

*Grunin v. International House of Pancakes,*
   513 F.2d 114 (8th Cir. March 17, 1975) ........................................................... 19

*Huyer v. Wells Fargo & Co.,*
   314 F.R.D. 621 (S.D. Iowa Feb. 17, 2016) ......................................................... 8

*In re Corrugated Container Antitrust Litig. (II),*
   659 F.2d 1322, 1325 (5th Cir. 1981) .............................................................. 7

*In re Employee Benefit Plans Sec. Litig.,*
   [1993 Transfer Binder] Fed. Sec. L. Rep. (CCH) 97,669, at 97,101 (D. Minn. June 2, 1993).. 8

*In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
No. 3:18-MD-02843-VC, 2023 WL 8443230 (N.D. Cal. Oct. 10, 2023) ................................ 13

*In re King Resources Co. Sec. Litig.*,
420 F. Supp. 610 (D. Colo. 1976) ............................................................ 8

*In re Sumitomo Copper Litig.*,
189 F.R.D. 274, 280 (S.D.N.Y. 1999) ....................................................... 7

*In re The Mills Corp. Sec. Litig.*,
265 F.R.D. 246 (E.D. Va. 2009) ....................................................... 11, 17

*In re Uponor, Inc.*,
716 F.3d 1057 (8th Cir. 2013) .............................................................. 8

In re Wireless Tel. Fed. Cost Recovery Fees Litig.,
396 F.3d 922, 932 (8th Cir. 2005) ........................................................... 8

*In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices &*
*Prod. Liab. Litig.*,
952 F.3d 471 (4th Cir. 2020) ............................................................... 11

*Lewis v. Precision Concepts Grp. LLC*,
No. 1:18CV64, 2021 WL 7185505  (M.D.N.C. Mar. 23, 2021) .............................. 11

*Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.,*
921 F.2d 1371, 1383 (8th Cir.1990) .......................................................... 7

*Luna v. Yummy, LLC*,
No. 8:23-CV-01784-AAQ, 2024 WL 3554969 (D.Md. July 26, 2024) .................... 15

*Marshall v. NFL,*
787 F.3d 502 (8th Cir. May 21, 2015) ........................................................ 8

*Officers for Justice* v. *Civil Service Comm'n,*
688 F.2d 615, 625 (9th Cir. 1982) ........................................................... 7

*Petrovic v. Amoco Oil Co.*,
200 F.3d 1140, 1148 (8th Cir. 1999) ...................................................... 7, 9

*Pfizer, Inc. v. Lord,*
456 F.2d 532, 543 (8th Cir. 1972) ........................................................... 7

*Reed v. General Motors Corp.,*
703 F.2d 170, 175 (5th Cir. 1983) ........................................................... 9

*Robinson v. Nationstar Mortg. LLC,*
No. 8:14-CV-03667-TJS, 2020 WL 8256177 (D. Md. Dec. 11, 2020), *aff'd sub nom. McAdams*
*v. Robinson*, 26 F.4th 149 (4th Cir. 2022) .............................................. 14

iii

*Stark v. Blue Cross & Blue Shield of N. Carolina,*
    740 F. Supp. 3d 441 (M.D.N.C. 2024)......................................................................................... 18

*Truesdale v. Nationwide Affinity Ins. Co. of Am.,*
    No. 1:11CV467, 2012 WL 12892879 (M.D.N.C. Oct. 19, 2012)............................................ 18

*Van Horn v. Trickey,*
    840 F.2d 604 (8th Cir.1988).......................................................................................................... 8

Welsch v. Gardebring,
    667 F. Supp. 1284, 1295 (D. Minn. 1987) ............................................................................... 9

*White* v. *National Football League,*
    822 F. Supp. 1389, 1416 (D. Minn. 1993) ............................................................................... 7

Wilkerson v. Martin Marietta Corp.,
    171 F.R.D. 273, 285 (D. Colo. 1997).......................................................................................... 8

**Statutes**

18 U.S.C. § 2710..................................................................................................................................... 3

**Other Authorities**

Herbert B. Newberg and Alba Conte,
    NEWBERG ON CLASS ACTIONS ("Newberg") § 11.41 (December 1992) ................................... 8
MOORE'S FEDERAL PRACTICE, MANUAL FOR COMPLEX LITIGATION (THIRD) (1997).................... 9

**Rules**

Fed. R. Civ. P. 23(e)(2)(C) ................................................................................................................. 13
Fed. R. Civ. P. 23(e)(2)(C)-(D)......................................................................................................... 12
Fed. R. Civ. P. 23(e)(2)(C)(ii).......................................................................................................... 15
Fed. R. Civ. P. 23(e)(2)(C)(iv)......................................................................................................... 16
Fed. R. Civ. P. 23(e)(3)....................................................................................................................... 16

## I.    **INTRODUCTION**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and the Court's Order Granting Preliminary Approval of Class Action Settlement, dated April 14, 2025 (ECF No. 54) (the "Preliminary Approval Order"), Plaintiffs Brittney Stoudemire, Amanda Vose, Lucinda Jackson, Dana Foley, and Barbara Grazioli, on behalf of themselves and all others similarly situated ("Plaintiffs" or "Settlement Class Representatives") respectfully submit this memorandum of law in support of final approval of the proposed settlement (the "Settlement") of this class action (the "Action").

The Settlement[1] before the Court resolves all claims against Defendant Lee Enterprises, Inc. ("Lee" or "Defendant", and collectively together with the Plaintiffs, the "Parties") in exchange for a cash payment of $9,500,000 (the "Settlement Fund") for the benefit of the Settlement Class.[2] None of the Settlement Fund will revert to Defendant. Instead, each Settlement Class Member who submits a valid claim will be eligible to receive a pro rata distribution from the Settlement Fund after payment of settlement administration fees, counsel fees and expenses and service awards.

This is an excellent result, in the best interests of the Settlement Class, and satisfies the criteria for final approval as discussed herein. No Settlement Class Member or governmental entity has objected to date.[3] The Settlement is the product of arm's-length negotiations by experienced and informed counsel who understand the strengths and weaknesses of their clients' respective claims and defenses, and it was reached only after extensive investigation of Plaintiffs' claims and

---

[1] The Settlement Agreement was previously filed with the Court on March 5, 2025, as part of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. *See* ECF No. 53-3.

[2] All capitalized terms not defined herein are defined in the Settlement Agreement.

[3] The deadline for filing requests for exclusion and objections was July 17, 2025.

Defendant's defenses, written discovery and a corporate representative deposition, and a full-day mediation session before the Honorable Wayne Andersen, U.S.D.J. (Ret.).

Although Plaintiffs are confident in the merits of the claims alleged, Defendant has defenses that add substantial risk to Plaintiffs' ability to prevail at key benchmarks for the case— e.g., class certification, interlocutory appeal thereof, motions for summary judgment, Daubert challenges, trial, and post-trial appeal. Accordingly, the terms and conditions of the Settlement were fairly negotiated and reflect a fully informed and fair compromise.

By separate motion, Class Counsel are requesting attorneys' fees of one-third of the Settlement, as well as reimbursement of litigation expenses in the amount of $41,559.88. Additionally, Plaintiffs are requesting service awards in the amount of $2,500 for recognition of their service as the Settlement Class Representatives. These amounts are fair and reasonable based upon, among other things, the time and labor expended; the results achieved; the novelty and difficulty of the legal issues and technical matters presented; the skill and effort required to obtain such relief; the customary and contingent nature of the fee; the risks assumed; and awards in similar actions.

The notice plan for this action was successfully implemented in accordance with the Preliminary Approval Order and the Settlement Agreement, with notice reaching approximately 99.88% of the Settlement Class (to date) through individualized email notice and postcard notice to Settlement Class Members whose email addresses are invalid and for whom a valid mailing address is available. *See* Declaration of Melissa Baldwin of RG/2 Claims Administration LLC in Connection with Final Approval of Settlement ("Baldwin Declaration") at ¶ 16. Additionally, the Settlement enjoys the support of the Settlement Class. As stated above, as of June 25, 2025, no

Settlement Class Member has filed an objection to the Settlement, and only 15 Settlement Class Members have filed requests for exclusion from the Settlement. Id. at ¶13.

Accordingly, Plaintiffs respectfully submit that the Settlement satisfies all criteria for final approval, and specifically requests this Court: (i) grant final approval of the Settlement as fair, reasonable, and adequate; (ii) grant final certification to the Settlement Class; and (iii) find that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances.

## II.    OVERVIEW OF THE LITIGATION AND SETTLEMENT

### 1.   Factual and Procedural Background of the Litigation

Plaintiffs filed suit against Defendant by filing a complaint on December 19, 2022, in the United States District Court for the Southern District of Iowa.  Plaintiffs alleged the Defendant, a local news media and advertising company that owns and operates websites that host and make accessible news articles and videos, intentionally installed the Meta tracking Pixel on its websites. Plaintiffs alleged a tracking Pixel is a code placed on a website, that operates invisibly, and tracks how a visitor moves through, and interacts with, a website. Plaintiffs alleged the Pixel enables websites to build profiles of users with the hope of improving the effectiveness of advertising targeting those users. Plaintiffs further alleged the Pixel is used to monitor the video content a user views or requests (the "Video Content") and shares this information with Meta in violation of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq*. ("VPPA").  Lee denies it has violated the VPPA or any other federal or state laws related to the Pixel or any other alleged tracking technologies (the "Tracking Technologies").

3

Defendant filed a Motion to Dismiss on March 30, 2023. On July 20, 2023, Defendant's Motion to Dismiss was denied. On August 17, 2023, Defendant filed an Answer to the Complaint denying the allegations generally and asserting twenty affirmative defenses.

After a scheduling order and discovery plan was docketed by the Court on August 29, 2023, the Parties engaged in extensive discovery involving the exchange of interrogatory answers and electronically stored information and information about website users. In addition, Plaintiffs took the Rule 30(b)(6) deposition of a corporate representative of the Defendant.

Thereafter, the Parties agreed to engage in settlement discussions and proceed with a mediation with the Honorable Wayne R. Andersen (Ret.) of JAMS. At a July 8, 2024 conference, the Parties advised the Court of the good faith efforts to participate in a mediation. The Parties participated in an all-day in-person mediation session with Judge Andersen on November 5, 2024. Following the mediation session, and with Judge Andersen's continued assistance, the parties reached a settlement, which is memorialized in the Settlement Agreement.

### 2. Summary of the Settlement

#### a. The Settlement Class

The Settlement Agreement defines the Settlement Class as follows:

> Any of the approximately 1.5 million Lee subscribers identified on the Settlement Class List who requested or accessed video material on a Lee website at any time from December 18, 2020 until [March 4, 2025] and who was a Facebook user during that time.

Settlement Agreement ¶ 30. The Settlement Class specifically excludes: (1) the Judge and Magistrate Judge presiding over this Action and their immediate family members; (2) Lee, its subsidiaries, parent companies, successors, predecessors, and any entity in which Lee has a controlling interest and their current or former officers, directors, and employees; and (3)

Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. Id.

The individuals who received notice of the Settlement include approximately 1,496,083 subscribers that were identified by Lee, through a review of its records. The benefits provided for in the Settlement and described below are based on the class definition and provide for a pro rata distribution to the Settlement Class Members.

b.  Monetary Relief

Lee and its insurers have agreed to pay $9,500,000.00 to create a non-reversionary Settlement Fund for the benefit of Settlement Class Members. Settlement Agreement at ¶¶ 33, 37, and 38. Settlement Class Members who submit valid claims will receive a pro rata payment after the deduction of settlement-related costs, including Notice and Administrative Expenses, any court-awarded attorneys' fees and expenses, and any court-awarded Service Awards. Id. at ¶ 17.

c.  Release

In exchange for the relief described above, Plaintiffs and the Settlement Class shall release all claims that have or could have been asserted against Lee, arising from or relating to the Tracking Methods or the VPPA, as alleged in the Action. *See id.* ¶ 60.

d.  Notice to Settlement Class Members

In accord with Section IV of the Settlement Agreement and the Court's Preliminary Approval Order, notice of the proposed Settlement to Settlement Class Members was made by email to all Settlement Class Members through individualized email notice and postcard notice to Settlement Class Members whose email addresses are invalid and for whom a valid mailing address is available. *See* Baldwin Declaration at ¶ 8.

The Notice included the following information: (1) a description of the class action and the proposed Settlement, (2) the rights of Settlement Class Members, including the rights to request exclusion from the Settlement Class, to object to the Settlement, and to file a claim form, and instructions about how to exercise those rights, (3) specifics on the date, time and place of the Final Approval Hearing, and (4) information regarding Class Counsel's anticipated fee application and the anticipated request for the Settlement Class Representative service award. *See id.* at Ex. B.

The Notice also included a link for the Settlement Website, https://leesettlement.com/ , which included the following: (1) a more detailed Long Form Notice and Claim Form; (2) a "Contact Us" page with the Settlement Administrator's contact information; (3) important case documents, including the Settlement Agreement and the Court's Preliminary Approval Order; (4) important case dates and deadlines, including the deadlines to file a claim, opt out and object; (5) a summary of Settlement Class Members' options; and (6) the date, time, and location of the Final Approval Hearing.

e.  Attorneys' Fees, Litigation Expenses, and Service Awards

In accord with the Settlement Agreement, Class Counsel is requesting an award of attorneys' fees equal to one-third of the Settlement Fund to compensate them for the work already performed in this case, all the work remaining to be performed in connection with this Settlement, and the risks undertaken in prosecuting this case. Class Counsel is also seeking reimbursement of their out-of-pocket litigation costs in the amount of $41,559.88, as well as service awards for the Settlement Class Representatives, in the amount of $2,500, to compensate them for their work on behalf of the Settlement Class. *See* Plaintiff's Motion for Attorneys' Fees, filed contemporaneously herewith. The enforceability of the Settlement Agreement is not contingent on

the Court's approval of Plaintiff's Motion for Attorneys' Fees, and any award granted by the Court

will be paid out of the Settlement Fund.

III.    **THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE APPROVED BY THE COURT.**

    1.    **Criteria to be Considered in Assessing Whether a Class Action Settlement Is Fair, Reasonable, and Adequate.**

Strong judicial policy favors resolution of litigation short of trial, particularly in class

action suits. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (noting that "strong

public policy favors agreements"); *Pfizer, Inc. v. Lord*, 456 F.2d 532, 543 (8th Cir. 1972) ("The

policy of the law encourages compromise to avoid the uncertainties of the outcome of litigation as

well as the avoidance of wasteful litigation and expense incident thereto."); *Little Rock Sch. Dist.*

*v. Pulaski County Special Sch. Dist.*, 921 F.2d 1371, 1383 (8th Cir.1990) ("the law strongly favors

settlements . . . [and] [c]ourts should hospitably receive them."). *Dekro v. Stern Bros. & Co.*, 571

F. Supp. 97, 101 (W.D. Mo. 1983) ("Settlement is the preferred method for the disposition of

complex litigation.").[4] Settlements of complex cases contribute greatly to the efficient utilization

of scarce judicial resources and achieve the speedy resolution of justice, for a "just result is often

no more than an arbitrary point between competing notions of reasonableness." *In re Corrugated*

*Container Antitrust Litig. (II)*, 659 F.2d 1322, 1325 (5th Cir. 1981).  In evaluating the proposed

Settlement, a court should:

> consider the vagaries of litigation and compare the significance of
> immediate recovery by way of the compromise to the mere

---

[4] *See also Officers for Justice* v. *Civil Service Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution.  This is especially true in complex class action litigation ...."); *Class Plaintiffs* v. *Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992) ("strong judicial policy ... favors settlements, particularly where complex class action litigation is concerned"); *White* v. *National Football League,* 822 F. Supp. 1389, 1416 (D. Minn. 1993) (same); *In re Sumitomo Copper Litig.,* 189 F.R.D. 274, 280 (S.D.N.Y. 1999) (same).

> possibility of relief in the future, after protracted and expensive
> litigation. In this respect, '[i]t [is] proper to take the bird in the hand
> instead of a prospective flock in the bush.'

*In re Employee Benefit Plans Sec. Litig.*, [1993 Transfer Binder] Fed. Sec. L. Rep. (CCH) 97,669,

at 97,101 (D. Minn. June 2, 1993) (quoting *In re King Resources Co. Sec. Litig.*, 420 F. Supp. 610,

625 (D. Colo. 1976)).  As recognized in *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 285

(D. Colo. 1997), "the one constant about litigation . . . is that the ultimate jury result is uncertain,

unknown and unpredictable." Indeed, the Southern District of Iowa has noted that "settlements

agreements are generally encouraged, and are presumptively valid." *Huyer v. Wells Fargo & Co.,*

314 F.R.D. 621, 626 (S.D. Iowa Feb. 17, 2016) (quoting *In re Uponor, Inc.,* 716 F.3d 1057, 1063

(8th Cir. 2013)).

     The standard for granting final approval pursuant to FRCP 23(e)(2) is determining whether

the settlement is fair, reasonable, and adequate from the standpoint of the Class.  *Van Horn v.*

*Trickey*, 840 F.2d 604, 606 (8th Cir.1988); Herbert B. Newberg and Alba Conte, NEWBERG ON

CLASS ACTIONS ("Newberg") § 11.41 (December 1992).  In making this overall determination, the

Court should consider (i) the possible rewards of continued litigation weighed against the benefits

of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of

further litigation; and (iv) the amount of opposition to the settlement. *See In re Wireless Tel. Fed.*

*Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (quoting *V*an Horn *v. Trickey*, 840

F.2d 604, 607 (8th Cir.1988)). "The single most important factor in determining whether a

settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case

against the terms of the settlement." *Marshall v. NFL,* 787 F.3d 502, 508 (8th Cir. May 21,

2015)(quoting *Van Horn*, 840 F.2d at 607 ).Each of these factors supports approval of the

Settlement.

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." NEWBERG, §11.41 at 11-88; *Employee Benefit Plans*, Fed. Sec. L. Rep. 97,669 at 97,101 (the court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement); *Welsch v. Gardebring*, 667 F. Supp. 1284, 1295 (D. Minn. 1987) (same); *see also* MOORE'S FEDERAL PRACTICE, MANUAL FOR COMPLEX LITIGATION (THIRD) §30.42, at 266 (1997) (a "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery"). Indeed, when experienced counsel supports the settlement, as they do here, their opinions are entitled to considerable weight. *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983). Although a trial court must consider the terms of a class action settlement, "[j]udges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Petrovic*, 200 F.3d at 1148-49 (citation omitted); *Cotton v. Hinton*, 559 F.2d 1326,1330 (5th Cir. 1977) ("Indeed, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel."); *Grove v. Principal Mutual Life Ins. Co.*, 200 F.R.D. 434, 445 (S.D. Iowa 2001).

The proposed Settlement is fair and reasonable for the following reasons: (1) counsels' general experience and intimate knowledge of the strength and weaknesses of the case resulting from extensive investigation and protracted settlement negotiations; (2) the settlement amount obtained for class members is more than fair; (3) class members have not responded unfavorably to the settlement; (4) the risks inherent in further prosecution of the claims; and, (5) the plan of allocation is reasonable.

### 2.  The Settlement Is Procedurally Fair.

9

a.   The Settlement Class Was Adequately Represented.

"[T]he adequacy requirement is met when: (1) the named plaintiff does not have interests antagonistic to those of the class; and (2) plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation." *Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 567 (E.D. Va. 2016) (citation omitted).

Here, Plaintiffs' interests are aligned with the interests of Settlement Class Members as, during the Class Period, each was a Lee subscriber that accessed Lee's websites to video content, and each alleges he/she suffered the same alleged injury (the improper disclosure of personally identifiable information without consent) and have the same interest in securing relief for the alleged VPPA violation. Thus, there is no conflict between Plaintiffs and the members of the Settlement Class.

Further, Class Counsel have vigorously and adequately represented the Settlement Class. Class Counsel are highly qualified, have extensive experience and knowledge in prosecuting similar consumer class actions, particularly those involving privacy violations, including those under the VPPA. *See* Joint Declaration of Mark Reich and J. Barton Goplerud in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement ("Joint Decl. of Class Counsel") at ¶ 27. Moreover, Class Counsel performed significant work in identifying, litigating, and negotiating the settlement of the claims in this Action, including engaging in extensive factual investigation and forensic analysis of Defendant's website and its use of cookie and pixel technologies; drafting the complaint; engaging in written discovery and a corporate representative deposition regarding the merits of Plaintiff's claim and class certification; and participating in a full-day mediation. Id. at ¶¶ 28-30. Accordingly, this factor weighs in favor of final approval. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod.*

*Liab. Litig.*, 952 F.3d 471, 485 (4th Cir. 2020) (finding counsel's experience in complex civil litigation supported fairness of settlement).

    b.  <u>The Proposed Settlement Was Negotiated at Arm's Length with the Assistance of an Experienced Mediator After Discovery.</u>

Considering the posture of the case, the extent of discovery, and the circumstances surrounding the negotiations "allows the Court to determine whether the case has progressed far enough to dispel any wariness of 'possible collusion among the settling parties.'" *Brown*, 318 F.R.D. 560 at 571 (citation and internal quotation marks omitted). It also "enables the Court to ensure that the case is well-enough developed for Class Counsel and . . . Plaintiffs alike to appreciate the full landscape of their case when agreeing to enter into th[e] Settlement." *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 254 (E.D. Va. 2009). These factors overlap with Rule 23(e)(2)(B)'s consideration of whether the settlement was negotiated at arm's length. *See Donaldson v. Primary Residential Mortg., Inc.*, No. CV ELH-19-1175, 2021 WL 2187013, at *5 (D. Md. May 28, 2021). Under these criteria, the assistance of an experienced, neutral mediator weighs in favor of the reasonableness of the settlement. *See Lewis v. Precision Concepts Grp. LLC*, No. 1:18CV64, 2021 WL 7185505, at *3 (M.D.N.C. Mar. 23, 2021) (finding the participation of a neutral mediator supported a finding of the settlement being procedurally fair).

Here, the Court can safely conclude this Settlement was negotiated at arm's length, without collusion, based on the terms of the Settlement itself; the adversarial nature of the negotiations; and the involvement of an experienced mediator. The Parties engaged in a day-long private mediation before the Honorable Wayne R. Andersen (Ret.), an experienced neutral mediator, to assist them in reaching the proposed Settlement. In furtherance of their arm-length negotiations, the Parties prepared and reviewed detailed mediation statements and other supporting materials prior to the mediation. Even after reaching an agreement-in-principle, the Parties engaged in

additional arms-length negotiations over the next several weeks to finalize the terms and conditions of the Settlement Agreement and the exhibits attached thereto. These efforts were at arms-length and non-collusive. Moreover, the Settlement itself bears no indicia of collusion as attorneys' fees were negotiated separately after relief to the class was determined, there is no "clear sailing" provision, and the Settlement Fund does not revert to Lee. *See* Joint Decl. of Class Counsel at ¶¶ 8-10.

Prior to mediation, Class Counsel performed extensive and detailed investigation of the facts supporting Plaintiffs' allegations—facts which required intensive forensic analysis of backend website communications requiring highly specialized skills to identify individual network transmissions among hundreds to determine whether such internet communications violated the privacy of Plaintiffs and the class members—and of the defenses available to Defendant, which are equally complex to the extent a large variety of factors can complicate issues of class certification and the merits of these kinds of cases. *See* Joint Decl. of Class Counsel at ¶¶ 28-30.

Further, Class Counsel engaged in written discovery and took the deposition of Lee's corporate representative, and by doing so obtained information bearing on the merits of Plaintiffs' claims and the size of the class. *See* Joint Decl. of Class Counsel at ¶¶ 7-8. Thus, during negotiations, Class Counsel—attorneys with considerable experience in assessing the strengths and weaknesses of VPPA cases—were well-informed about the strengths and risks of Plaintiff's claims, as well as their value.

Accordingly, this factor also supports final approval of the Settlement.

### 3. The Settlement Is Substantively Fair, Reasonable, and Adequate.

The relief offered to Settlement Class Members in the proposed Settlement is more than adequate under the factors outlined in Rule 23(e)(2)(C)-(D).

a.  <u>The Settlement Provides Meaningful Relief to the Settlement Class.</u>

When determining if the relief provided for the Settlement Class is adequate, courts must consider "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Here, all factors weigh in favor of final approval.

        i.  *The Merits of Plaintiffs' Case Balanced Against the Terms of the Settlement, and the Costs, Risks, and Delays of Continued Litigation Through Trial and Appeal.*

This is a complex class action that has been and would continue to be very costly to litigate through trial. *See* Joint Decl. of Class Counsel at ¶¶ 30-34. Had litigation continued, the Parties would likely have retained expensive forensics and other experts for class certification, summary judgment, and trial, resulting, at minimum, in protracted Daubert briefing. Plaintiff would also have to conduct additional formal discovery, which would involve the uncertain process of obtaining relevant information from Lee and pursuing subpoenas against third parties like Meta. By reaching a favorable settlement with the assistance of a neutral mediator, the Parties avoided even more significant expense and delay. The complexity and expense of continued litigation strongly support approval of early resolution and settlement.

Further, Plaintiff would face significant risks in establishing liability and damages if this Action were to proceed. Litigation inherently involves risks and uncertainty. *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC, 2023 WL 8443230, at *3 (N.D. Cal. Oct. 10, 2023) (discussing due-process concerns raised by statutory damages in the VPPA context). Though Plaintiffs believe in the merits of their case, settlement here avoids this significant uncertainty while securing immediate monetary benefits.

13

Additionally, the risk of maintaining class status through trial in this Action is significant. The Court has not yet certified the case as a class action. Such a determination would only be reached after additional first- and third-party discovery, and exhaustive briefing. If the Court were to determine that statutory damages could not be imposed on a class-wide basis, there is a risk that individualized damages determinations would overwhelm the common issues. And, even if the Court were to certify the Class (and deny efforts to decertify it thereafter), Lee would likely seek appellate review of this Court's interlocutory decisions, adding further delay. *See Robinson v. Nationstar Mortg. LLC*, No. 8:14-CV-03667-TJS, 2020 WL 8256177, at *4 (D. Md. Dec. 11, 2020), a*ff'd sub nom. McAdams v. Robinson*, 26 F.4th 149 (4th Cir. 2022) (approving settlement as fair, reasonable, and adequate after consideration of risk of not maintaining class action status throughout trial).

Further, even if Plaintiffs obtained a favorable verdict, ongoing litigation would risk lower recovery for Plaintiffs and Class Members. A downturn in business and a deteriorating insurance policy could mean less recovery for Plaintiffs. See *Doe v. Stephen*, 2022 U.S. Dist. LEXIS 245470, *13 (S.D. Iowa Dec. 19, 2022)(Finding settlement fair, reasonable, and adequate given defendant's limited financial resources).

The Settlement Agreement eliminates these risks while providing significant monetary relief to the Settlement Class. Any Settlement Class Member that submits a valid claim is entitled to a pro rata share of the $9,500,000.00 Settlement Fund after the deduction of notice and administration costs, any court-awarded attorneys' fees and expenses, and any court-awarded Service Awards. Class Counsel believe this is an exceptional result for the Settlement Class, particularly as compared to settlements in similar cases. *See* Joint Decl. of Class Counsel at ¶23; *see also Luna v. Yummy, LLC*, No. 8:23-CV-01784-AAQ, 2024 WL 3554969, at *3 (D.Md. July

26, 2024) ("Counsel's opinion that the expense and potential duration of litigation weigh in favor of early settlement lends credence to a proposed settlement agreement.").

> ii.  *Effectiveness of Any Proposed Method of Distributing Relief to the Class.*

The Rule 23(e)(2)(C)(ii) requires that the "proposed method of distributing relief to the class" be "effective." Under the Settlement, any Settlement Class Member who submits a valid claim is entitled to a pro rata share of the Net Settlement Fund (i.e. the Settlement Fund less any court-approved attorneys' fees and expenses, service awards, and costs of settlement notice and administration). The claims process involves a simple and straightforward Claim Form, written in plain language to encourage Settlement Class Members to file claims. The Claim Form is streamlined, requiring only the minimal information necessary to confirm membership in the Settlement Class and to direct financial payments to Settlement Class Members without requiring the submission of additional documents. Settlement Class Members are able to submit their Claim Forms online via the Settlement Website or through the mail. Further, notice to the class provided clear and direct methods for Settlement Class Members to object exclude themselves from the class. *See* Baldwin Decl. at ¶ 13-14. Thus, the methods of processing Settlement Class Members Claim Forms and distributing relief to Settlement Class Members are effective and non-burdensome.  As such, this factor weighs in favor of final approval.

> iii.  *The Requested Attorneys' Fees and Costs Are Reasonable, Reflective of the Quality of Counsel's Skills and Work, and In Line with Similar Awards Approved in the Eighth Circuit.*

As set forth in Plaintiff's Motion for Attorneys' Fees, Class Counsel is seeking an award of litigation expenses. Class Counsel's fee and expense requests are reasonable compared to the benefits Class Counsel have achieved for Settlement Class Members, the experience and ability of

Class Counsel, and similar fee awards in the Eighth Circuit. *See* Plaintiff's Motion for Attorneys' Fees.

In addition to the foregoing, Plaintiffs are also seeking award of a service award in the amount of $2,500 for serving as the Settlement Class Representatives in this Action, which is both reasonable and consistent with similar awards approved in the Eighth Circuit. *See id*.

> iv.  *There Is No Agreement Required to Be Identified under Rule 23(e)(3).*

Rule 23(e)(2)(C)(iv) requires consideration of "any agreement required to be identified under Rule 23(e)(3)." There are no additional agreements outside of the Settlement Agreement that require identification under Rule 23(e)(3).

> v.  *Defendant's Financial Condition*

Defendant is a solvent company, and there is no indication that it will be unable to pay or will incur undue hardship because of the Settlement. Accordingly, consideration of Defendant's financial condition weighs in favor of or is neutral to the fairness analysis.

### b.  The Settlement Treats All Settlement Class Members Equitably.

The Settlement is designed to benefit all Settlement Class Members equally and equitably, by providing equal access to the Settlement Fund and providing meaningful remedial relief to all Settlement Class Members. Each Settlement Class Member may submit only one claim for monetary relief. Accordingly, each claimant that submits a valid claim will receive the same pro rata share of the Net Settlement Fund. Thus, there is no unfair or preferential treatment of any Settlement Class Member, and this factor weighs in favor of final approval.

### c.  The Reaction of the Settlement Class Supports Final Approval.

To date, no Settlement Class Member has filed an objection to the terms of the Settlement, and only 13 Settlement Class Members have requested exclusion from the Settlement. *See* Baldwin

Decl. at ¶ 13. The Settlement Administrator has been processing claims as they are received, and to date has processed a total of 30,268 Claim Forms. *Id.* at ¶ 17. The Settlement Administrator will continue to process Claim Forms through the claims submission period, and Class Counsel will provide the Court with updated numbers at the expiration of that deadline and prior to the Final Approval Hearing.

The lack of opposition to the Settlement further weighs in favor of final approval. *In re The Mills Corp.*, 265 F.R.D. at 257 ("[A]n absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy.").

## IV.  FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE AND WARRANTED.

In its Preliminary Approval Order, the Court previously determined that certification of the action for settlement purposes is appropriate. Specifically, the Court found that the Settlement Class satisfied each of the requirements of Federal Rule of Civil Procedure 23 in that (a) the Settlement Class is sufficiently numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to members of the Settlement Class that predominate over questions affecting only individual members (e.g., whether Lee unlawfully disclosed to third parties Plaintiffs' and Settlement Class Members' personally identifiable information without consent in a manner that violated the VPPA, and whether Plaintiffs and the Settlement Class Members are entitled to uniform statutory damages under the VPPA); (c) Plaintiffs' claims are typical of the claims of the Settlement Class and Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (d) a settlement class action is the superior method for fairly and efficiently adjudicating this Action. *See* Preliminary Approval Order

(ECF No. 54). For these same reasons, this Court should finally certify the Settlement Class for settlement purposes.

## V. THE METHOD AND FORM OF CLASS NOTICE SATISFIES RULE 23(e) AND THE PRINCIPLES OF DUE PROCESS.

FRCP 23(e) requires that notice of a proposed compromise of a class action be given to all members of the class in such manner as the court directs. Generally, notice need only be "reasonably calculated, under the circumstances, to apprise the Settlement Class Members: (1) of the pendency of the Lawsuit; (2) of their right to exclude themselves from the Settlement Class and the proposed settlement; (3) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion; and (4) that any Settlement Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel." *Truesdale v. Nationwide Affinity Ins. Co. of Am.*, No. 1:11CV467, 2012 WL 12892879, at *6 (M.D.N.C. Oct. 19, 2012); *Stark v. Blue Cross & Blue Shield of N. Carolina*, 740 F. Supp. 3d 441, 444 (M.D.N.C. 2024) (same).

Here, notice was accomplished through direct email notice to all Settlement Class Members via the email address they used to create a login to Lee's services; the establishment of a Settlement Website where Settlement Class Members can view the Settlement, the Long-Form Notice, and other key case documents; and the establishment of a toll-free number where Settlement Class Members can obtain additional information. *See* Joint Decl. of Class Counsel at ¶¶ 17-18. This individual notice to Settlement Class Members is consistent with the requirements of Rule 23(e) and the principals of due process. See *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173-174 (1974)("individual notice must be provided to those class members who are identifiable through reasonable effort.") Based on this notice plan, it is estimated that notice reached at least 99.88% of Settlement Class Members, which is consistent with the range deemed reasonable by the Federal

18

Judicial Center. *See* Baldwin Decl. at ¶ 16; *see also* Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, at 3 (describing a notice plan as "reasonable" if it has a "reach between 70- 95%").

Moreover, the content of the notices sufficiently advised Settlement Class Members of the essential terms of the Settlement; the rights of Settlement Class Members to share in the recovery, to request exclusion from the Settlement Class, or to object to the Settlement; and the date, time, and place of the final approval hearing. Thus, the Notices provided the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement. The Notices also contained information regarding Class Counsel's application for attorneys' fees and reimbursement of litigation expenses, the proposed plan for allocating the Settlement proceeds among Settlement Class Members, and the application for a service award to the Settlement Class Representatives. See *Grunin v. International House of Pancakes,* 513 F.2d 114, 122 (8th Cir. March 17, 1975)(Notice satisfies due process and Rule 23 if it includes "a very general description of the proposed settlement, including a summary of the monetary or other benefits that the class would receive and an estimation of attorneys' fees and other expenses" along with a description of "the options that are open to them in connection with [the] proceedings.")

Finally, notice here provided Settlement Class Members the opportunity to object or exclude themselves from the class by the Objection Deadline, which was forty-five days after the Notice Deadline. This deadline for exclusion or objection is consistent with reasonable objection deadlines within the Eighth Circuit. *See Grunin,* 513 F.2d at 122 (holding that 19 days was sufficient); *Carroll v. Flexsteel Indust.,* No. 21-CV-1005, 2022 U.S. Dist. LEXIS 158123, at *6 (N.D. Iowa 2022) (holding that 30 days was sufficient); *DeJulius v. New England Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (affirming 32 days as sufficient).

19

In short, the form and manner of notice proposed here fulfill the requirements of FRCP 23 and due process.

## VI.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an order, substantially in the form of the forthcoming proposed Final Approval Order: (i) granting final approval of the Settlement as fair, reasonable, and adequate; (ii) granting final certification to the Settlement Class; and (iii) finding that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23 and due process and constitutes the best notice practicable under the circumstances.

Dated: July 25, 2025

**LEVI & KORSINSKY, LLP**
By: /s/ Mark S. Reich
Mark S. Reich*
Gary S. Ishimoto*
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: gishimoto@zlk.com

J. Barton Goplerud
Brian O. Marty
**SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Tel: (515) 223-4567
Fax: (515) 223-8887
Email: goplerud@sagwlaw.com
Email: marty@sagwlaw.com

*admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel listed of record.

By: /s/ Mark S. Reich
Mark S. Reich

21