IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| BRITTNEY STOUDEMIRE, AMANDA VOSE, LUCINDA JACKSON, DANA FOLEY and BARBARA GRAZIOLI on Behalf of Themselves and All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>v.<br><br><br>LEE ENTERPRISES, INC.<br>       Defendant. | Civil Action No. 3:22-cv-00086-SHL-SBJ |

**JOINT DECLARATION OF MARK S. REICH AND J. BARTON GOPLERUD IN SUPPORT OF PLAINTIFF'S (i) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (ii) MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND SERVICE AWARD**

We, Mark S. Reich and J. Barton Goplerud, jointly declare and state as follows:

1. Mark Reich is a partner with the law firm Levi & Korsinsky LLP ("LK"). J. Barton Goplerud is a partner with the law firm Shindler Anderson Goplerud & Weese PC ("SAGW"). LK and SAGW serve as Class Counsel for Plaintiffs Brittney Stoudemire, Amanda Vose, Lucinda Jackson, Dana Foley, and Barbara Grazioli ("Plaintiffs" or "Settlement Class Representatives") and the proposed Settlement Class in this action (the "Action").

2. Throughout this litigation, we and our firms prosecuted Plaintiffs' claims on behalf of the putative Class. On April 14, 2025, the Court appointed us and our respective law firms as Class Counsel for the Settlement Class in its Preliminary Approval Order. See ECF No. 54.

3. We make this Joint Declaration in support of Plaintiffs' (i) Motion for Final Approval of Class Action Settlement and (ii) Motion for Award of Attorneys' Fee, Litigation Costs, and Service Award (collectively referred to as "Plaintiffs' Motions"). Except where otherwise stated, we each have personal knowledge of the facts set forth in this Joint Declaration

1

based on active participation in all aspects of the prosecution and resolution of the Action. If called upon to testify, we each could and would testify competently to the truth of the matters stated herein.

**Overview of Plaintiffs' Allegations, Mediation, and Settlement**

4. On December 19, 2022, Plaintiffs, individually and on behalf of a putative Class, commenced this lawsuit in the United States District Court for the Southern District of Iowa (the "Court") against Defendant. See ECF No. 1.

5. In their Complaint, Plaintiffs alleged the Defendant, a local news media and advertising company that owns and operates websites that host and make accessible news articles and videos, intentionally installed the Meta tracking Pixel on its websites. Plaintiffs alleged a tracking Pixel is a code placed on a website, that operates invisibly, and tracks how a visitor moves through, and interacts with, a website. Plaintiffs alleged the Pixel enables websites to build profiles of users with the hope of improving the effectiveness of advertising targeting those users. Plaintiffs further alleged the Pixel is used to monitor the video content a user views or requests (the "Video Content") and shares this information with Meta in violation of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq*. ("VPPA").

6. On March 30, 2023, Defendant filed a Motion to Dismiss. ECF No. 19. The Court held an in-person hearing on the Motion to Dismiss on June 12, 2023, ECF No. 24, and on July 20, 2023 it entered an Order denying the motion. ECF No. 33.

7. After a scheduling order and discovery plan was docketed by the Court on August 29, 2023, ECF No. 40, the Parties engaged in extensive discovery involving the exchange of interrogatory answers, electronically stored information, and information about website users. In addition, on June 26, 2024, Plaintiffs took the Rule 30(b)(6) deposition of Mark Bullard, the corporate designee of the Defendant.

8. Thereafter, the Parties agreed to engage in settlement discussions and proceed with a mediation with the Honorable Wayne R. Andersen (Ret.) of JAMS. At a July 8, 2024 conference, the Parties advised the Court of the good faith efforts to participate in a mediation. ECF No. 50.

The Parties participated in an all-day in-person mediation session with Judge Andersen on November 5, 2024. After the mediation session, and with Judge Andersen's continued assistance, the parties reached a settlement, which is memorialized in the Settlement Agreement.

9. The Parties finalized and executed settlement papers on March 4, 2024 (the "Settlement Agreement" or "Settlement"). ECF No. 53-3.

10. On March 5, 2025, Plaintiffs filed their Unresisted Motion for Preliminary Approval of Rule 23 Class Action Settlement, a supporting memorandum of law, and the Declaration of Mark S. Reich. ECF No. 53. The Settlement Agreement was attached as Exhibit A to the motion. ECF NO. 53-3.

11. As further detailed in Plaintiffs' preliminary approval papers and the Declaration of Mark S. Reich, the Settlement secures an excellent recovery for the Settlement Class. Pursuant to the Settlement, Defendant will establish a cash settlement fund of $9,500,000.00 (the "Settlement Fund") for the benefit of Settlement Class Members (Settlement Agreement ¶ 33).

12. The Settlement provides a substantial recovery of the alleged compensatory damages, amounting to approximately $6.34 per Settlement Class Member before costs and fees. This represents an outstanding recovery for Settlement Class Member basis in the VPPA context. *See, e.g., Ambrose v. Boston Globe Media Partners LLC*, 1:22-CV10195 (D. Mass.), slip opinion (September 8, 2023) (granting final approval to $5,000,000 VPPA settlement yielding per settlement class member recoveries of $10.00); *Feldman v. Star Tribune Media Company LLC*, 0:22-CV-01731, slip opinion (June 17, 2024) (granting final approval to $2,900,000 VPPA settlement yielding per settlement class member recoveries of $9.67); *Sellers, et al. v. Bleacher Report, Inc.*, 2024-003537-CA-01, slip opinion (August 8, 2024) (granting final approval to $4,800,000 VPPA settlement yielding per settlement class member recoveries of $1.78).

13. The claims process is simple and straightforward. Each Settlement Class Member who submits a valid claim will be eligible to receive a pro rata distribution from the Settlement Fund less any court-approved attorneys' fees and expenses, service award, and costs of settlement notice and administration. Settlement Class Members are able to submit their Claim Forms online

via the Settlement Website or through the mail. No portion of the Settlement Fund reverts to Defendant.

14. On April 14, 2025, this Court entered its Preliminary Approval Order, finding that for the purposes of settlement and notice, the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met; and the terms of the Settlement are within the range of a fair, reasonable, and adequate compromise. Accordingly, this Court preliminarily approved the Settlement. See ECF No. 54.

## **Notice to the Settlement Class**

15. Following entry of the Court's Preliminary Approval Order, the Settlement Administrator, RG/2 Claims Administration LLC ("RG/2"), began implementation of the court-approved Notice Plan, and Class Counsel has worked with RG/2 to effectuate the court-ordered Notice Plan.

16. In accordance with the Settlement Agreement and the Court's Preliminary Approval Order, the Notice Plan provided individual notice of the proposed Settlement to Settlement Class Members by email (the "Email Notice") to all Settlement Class Members through individualized email notice and postcard notice to Settlement Class Members whose email addresses are invalid and for whom a valid mailing address is available. See Declaration of Melissa Baldwin of RG/2 Claims Administration LLC in Connection with Final Approval of Settlement ("Baldwin Declaration") at ¶ 8.

17. More specifically, on June 2, 2025, RG/2 disseminated 1,496,083 Email Notices to Settlement Class Members. See id. at ¶ 8.

18. On June 2, 2025, RG/2 established a dedicated website for the Settlement with the URL www.leesettlement.com (the "Settlement Website"), which contained a more detailed long-form notice, and established a toll-free telephone number ((888) 337-8409) for the Settlement. See id. at ¶ 9.

19. Through RG/2's notice efforts, notice is estimated to have reached approximately 99.88% of the identified, potential Settlement Class Members to whom notice was sent. See Baldwin Decl. at ¶ 16.

20. The content of the court-approved notices provided Settlement Class Members a detailed summary of the relevant information about the Settlement, including, among other things: (1) a plain and concise description of the nature of the Action and the proposed Settlement; (2) the right of Settlement Class Members to file a claim, request exclusion from, or object to the Settlement and the deadlines for doing so; (3) specifics on the date, time and place of the Final Approval Hearing; and (4) information regarding Class Counsel's anticipated fee application and the anticipated request for the Class Representative's Service Award. See id. at Ex. B.

21. Currently, RG/2 has received 0 objections to the Settlement, and 15 requests for exclusion. See Baldwin Decl. at ¶ 13. The deadline for exclusions and objections is July 17, 2025. Thus, Class Counsel will provide the Court an update on whether any requests for exclusions were submitted and respond to any substantive objections after the deadline has expired.

22. As of July 18, 2025, RG/2 has received 30,628 submitted settlement claims forms. Baldwin Decl. at ¶ 17. In comparison to the limited number of objections and requests for exclusions, the reaction of the Class is overwhelmingly positive.

**Factors Supporting an Award of Attorneys' Fees, Litigation Costs, and Service Award**

23. Class Counsel's fee request represents one-third of the cash value of the Settlement Fund of $9.5 million.

24. The percentage of the fund method is an appropriate basis on which to award Class Counsel a fee in this case. The percentage of the fund approach serves the realities of both economic models and market practices. *See Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984) ("Under the 'common fund doctrine,' . . . a reasonable fee is based on a percentage of the fund bestowed on the class"); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."); *see also Sprague v. Ticonic Nat.*

*Bank*, 307 U.S. 161, 164-65, 59 S. Ct. 777, 779 (1939); *Central R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 123, 5 S. Ct. 387, 390 (1885).

25. Moreover, the requested fee award of one-third of the cash common fund of $9,500,000 is consistent with fee awards in other settlements in the Eighth Circuit. *See Tussey v. ABB, Inc.*, 2019 WL 3859763, at *4 (W.D. Mo. Aug. 16, 2019) (33 1/3% fee award); *Dennard v. Transamerica Corp.*, 2016 WL 6471254, at *1 (N.D. Iowa Oct. 28, 2016) (33 1/3% fee award); *Krueger v. Ameriprise Fin., Inc.*, 2015 WL 4246879, at *1–3 (D. Minn. July 13, 2015) (33 1/3% fee award); *In re Iowa Ready-Mix Concrete Antitrust Litig.*, 2011 WL 5547159, at *3 (N.D. Iowa Nov. 9, 2011) (36% fee award); *Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 WL 2671105, at *8 (D. Minn. Sept. 18, 2006) (35.5% fee award); *In re E.W. Blanch Holdings, Inc. Securities Litig.*, 2003 WL 23335319, at *3 (D. Minn. June 16, 2003) (33 1/3% fee award); *In re Airline Ticket Comm'n Antitrust Litig.*, 953 F. Supp. 280, 286 (D. Minn. 1997) (33 1/3% fee award).

26. Additionally, consideration of all the applicable factors listed in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) and *Keil v. Lopez*, 862 F.3d 685 (8th Cir. 2017). strongly supports the requested fee award.

27. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed Settlement Class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator. Class Counsel have significant experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in major complex litigation involving consumer privacy, have the resources necessary to conduct litigation of this nature, and have frequently been appointed class counsel by courts throughout the country. See ECF No. 53-7 (LK Firm Resume).

28. Class Counsel have invested significant time and resources into this action. Class Counsel performed such tasks as: (i) conducting a thorough and detailed pre-suit investigation of the facts supporting Plaintiff's allegations—facts which require intensive forensic analysis of backend website communications requiring highly specialized skills and seeking to identify

6

individual network transmissions among hundreds to determine whether such internet communications violated the privacy of Plaintiff and the class members—and of the defenses available to Defendant, which are equally complex to the extent a large variety of factors can complicate issues of class certification and the merits of these kinds of cases; (ii) drafting a detailed complaint; (iii) engaging in a corporate representative deposition and written discovery and reviewing the data and documents produced in response; (iv) drafting a mediation statement and participating in a full-day mediation session; (v) engaging in post-mediation negotiations and holding numerous telephonic calls with defense counsel regarding settlement, (vi) achieving a very favorable Settlement on behalf of the Settlement Class; (vii) negotiating comprehensive settlement papers; and (viii) successfully moving for preliminary approval of the Settlement.

29. Class Counsel have devoted extensive hours to the prosecution of this Action. Moreover, Class Counsel's work in this litigation is far from over. Class Counsel will commit significant ongoing time and resources to presenting the Settlement to the Court at the Final Approval Hearing, the continued administration of the Settlement, responding to Settlement Class Member's inquiries concerning the Settlement, and overseeing and coordinating distribution of the Settlement Funds to the Settlement Class Members. Based on Class Counsel's experience in other cases, this ongoing work will likely involve over 100 additional hours until fully resolved.

30. From the outset of the case, Plaintiffs and Class Counsel recognized that the case presented substantial litigation risks. Indeed, the claims in this action involve complicated forensic, technical, and legal issues concerning Defendant's implementation, configuration, and use of the Meta Pixel (which is a hidden piece of software not identifiable through typical website interactions and which requires identifying and translating Pixel transmissions to determine how the Pixel was configured and what information it transmits to Meta); requiring Class Counsel to develop an understanding of whether the Pixel's transmissions to Meta contained information protected by the VPPA, whether other code on Defendant's website was also transmitting PII to third parties, and whether the transmissions at issue supported the legal claims Plaintiffs allege arise from Defendant's use of such technologies; class size; class damages; and more. Had the

litigation continued, these issues would have required extensive and complex forensic expert testimony.

31. Additionally, Class Counsel faced significant risks related to certifying and maintaining a litigation class. Further, any order granting class certification would have likely led to Defendant's filing a petition for interlocutory review of the Court's ruling.

32. Despite the clear risks involved in pursing this litigation, Class Counsel undertook this matter on a contingency basis with no guarantee of recovery and have committed substantial resources of attorney and staff time, in addition to out-of-pocket costs, towards investigating, litigating, and settling the matter. In doing so, Class Counsel also assumed the risk of the significant delay associated with achieving a final resolution through trial or any appeals.

33. Lee has presented a vigorous defense throughout the litigation and has been represented by highly experienced lawyers from Troutman Pepper Hamilton Sanderes LLP and Lane & Waterman LLP.  Notwithstanding this formidable opposition, Class Counsel developed a strong case and negotiated settlement terms that are highly favorable to Settlement Class Members.

34. Plaintiffs and Class Counsel recognize that despite our belief in the strength of Plaintiffs' claims, the expense, duration, and complexity of protracted litigation would be substantial and the outcome uncertain.  Additionally, absent a settlement, the success of any of Defendant's defenses could deprive Plaintiffs and the Settlement Class Members of any potential relief whatsoever.

**Class Counsel's Reasonably Incurred Litigation Costs**

35.     Over the course of the litigation, Class Counsel kept records of all litigation expenses. The following table summarizes Class Counsel's reasonable incurred litigation expenses:

| **EXPENSE CATEGORY (LK)** | **AMOUNT** |
|---|---|
| Filing Fees/Service | $627.00 |
| Travel | $9,336.36 |
| Court Reporter | $182.75 |
| Meals | $670.92 |
| Expert | $7,330.00 |
| Deposition | $4,120.91 |
| Mediation | $16,034.38 |
| Research | $651.39 |
| Postage | $213.86 |
| **EXPENSE CATEGORY (SAGW)** | **AMOUNT** |
|  | $2,392.31 |
|  |  |
| **TOTAL EXPENSE** | $41,559.88 |

36. Further, over the course of the litigation, Class Counsel kept records of time expended by attorneys and staff working on the matter. The following table summarizes Class Counsel Levi & Korsinsky's time and lodestar amounts. A more detailed chart can be found attached as Exhibit A.

| NAME | TITLE | HOURS WORKED | RATE | LODESTAR |
|---|---|---|---|---|
| Eduard Korsinsky | Partner | 28.6 | $1100.00 | $31,460.00 |
| Mark Reich | Partner | 323.7 | $1000.00 | $323,700.00 |
| Courtney Maccarone | Associate | 144.7 | $850.00 | $122,995.00 |
| Colin Brown | Associate | 127.1 | $650.00 | $82,615.00 |
| Melissa Meyer | Associate | 11 | $650.00 | $7,150.00 |
| Gary Ishimoto | Associate | 424.9 | $600.00 | $254,940.00 |
| Michael Pollack | Associate | 0.5 | $500.00 | $250.00 |
| Jennifer Mittasch | Staff Attorney | 136.2 | $475.00 | $64,695.00 |
| Jenn King | Paralegal | 0.3 | $450.00 | $135.00 |
| Amanda Herda | Paralegal | 128.25 | $350.00 | $44,887.50 |
| Sarapia Walker | Paralegal | 1.75 | $350.00 | $612.50 |
| Kendal McLaughlin | Paralegal | 0.4 | $350.00 | $140.00 |
| Tish Elmore | Paralegal | 4.5 | $325.00 | $1,462.50 |
| Cierra Walker | Paralegal | 4.86 | $325.00 | $1,579.50 |
| | TOTAL HOURS | 1336.76 | TOTAL LOADSTAR | $936,622.00 |

37. Further, over the course of the litigation, Class Counsel kept records of time expended by attorneys and staff working on the matter. The following table summarizes Class Counsel from SAGW's time and Lodestar amounts:

| NAME (SAGW) | TITLE (SAGW) | HOURS WORKED | RATE | LODESTAR |
|---|---|---|---|---|
| J. BARTON GOPLERUD | PARTNER | 89.8 | $650 | $58,370 |
| BRIAN O. MARTY | ASSOCIATE | 62.5 | $450 | $28,125 |
| MADELEINE MILLER | PARALEGAL | 2.0 | $300 | $600 |
| TOTAL HOURS | | 154.3 | TOTAL SAGW LOADSTAR | $ 87,095.00 |

38. With the assistance of attorneys and staff working under our direction and supervision, we conducted a comprehensive audit of all litigation expenses incurred by Class Counsel in the prosecution of this Action. In performing the audit of Class Counsel's litigation expenses, we exercised our discretion in removing any expenses we considered unnecessary or irrelevant.

39. We are prepared to provide the Court with any further documentation or explanation regarding Class Counsel's litigation expenses, including detailed invoice and payment records, upon request by the Court.

**Class Representatives' Service Awards**

40. Class Counsel is of the opinion that Plaintiffs' active involvement in this case was critical to its ultimate resolution. Without their willingness to assume the risks and responsibilities of serving as the Class Representatives, we do not believe such a favorable result could have been achieved.

41. Plaintiffs took their role as Class Representative seriously, devoting significant amounts of time and effort to protecting the interests of the Settlement Class. They provided information to Class Counsel that informed the complaints, and throughout the litigation, regularly communicated with Class Counsel about strategy and major case developments. Moreover, they carefully reviewed and considered the Settlement, and consulted with Class Counsel, before approving it. In light of their work, the requested service awards of $2,500 for each Plaintiff is eminently reasonable.

42. We declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 25th day of July, 2025 at New York, NY.

By: /s/ Mark S. Reich                    By: /s/ J. Barton Goplerud
    Mark S. Reich                              J. Barton Goplerud